ÆTNA CASUALTY & SURETY COMPANY *v.* TAYLOR.

Opinion delivered May 7, 1928.

*J. A. Sherrill,* for appellant.

*T. D. Wynne* and *Chas. A. Miller,* for appellee.

HUMPHREYS, J. Exceptions were filed by appellant, a creditor of the insolvent Bank of Morrilton, to the purported sale of the assets of said bank to the First State Bank of Morrilton by the State Bank Commissioner under order of the chancery court of Conway County in vacation. Hereafter, for the sake of brevity, the insolvent bank will be referred to as the old bank and the First State Bank of Morrilton as the new bank. The Bank Commissioner took charge of the assets of the old bank on December 15, 1926. On Feb. 11, 1927, the State Bank Commissioner levied an assessment against the stockholders of the old bank of 100 per cent. of the par value of the outstanding shares of the capital stock. On February 16, 1927, the State Bank Commissioner entered into a tentative agreement for the sale of the assets of the old bank, including the assessment against the stockholders therein, and the liability, if any, of the directors for the mismanagement thereof, to the new bank, subject to the approval of the judge of the chancery court of said district. On the same day he presented a petition to said court requesting approval of the same, and, pur-

suant to the request, an order was made on the same day by said court in vacation ratifying and confirming the terms of the contract of sale in all respects. The Bank Commissioner advised that it was to the best interest of the creditors of the old bank to sell its assets to the new bank, and the order of the court directing and approving the contract for the sale thereof contained a recital to that effect.

Appellant's claim against the old bank grew out of a bond which it executed to the State of Arkansas indemnifying the State against any loss by reason of having deposited $35,000 of the State's money in the old bank. A part of the consideration for the sale of the assets of the old bank to the new bank was that the latter should immediately pay all creditors of the old bank 40 per cent. of their claims. The State received out of the proceeds of the sale 40 per cent. of her claim, amounting to $13,673.87, thereby reducing the liability of appellant on its indemnity bond to the State in an equal amount. Appellant then paid the State the balance of her claim, which had been allowed as a common claim by said Bank Commissioner, amounting to $21,326.13, and took an assignment thereof to itself. As claimant by assignment and subrogation appellant filed objections and exceptions in said court to the sale. It attacked said sale upon two grounds: the first ground being that the transaction did not amount to a sale of said assets, but, instead, constituted the new bank a trustee for the purpose of administering the assets of the old bank in place of the Bank Commissioner himself, assigning a number of reasons, which, in our view of the case, it is unnecessary to set out; and the second ground being that the attempted sale was fraudulent and void for a number of alleged reasons which, in our view of the case, it is also unnecessary to set out. A demurrer was sustained to the objections and exceptions, and properly so, for appellant was in no position to attack a sale in equity out of which it had received a benefit. Its indemnity obligation to the State was reduced by the

amount of $13,673.87 out of the proceeds of the sale of the assets of the old bank to the new bank, and it should have tendered this amount back to the new bank before or at the time it filed its objections and exceptions to the sale. It could not be heard to disaffirm a transaction or contract which it had theretofore affirmed and approved by accepting benefits thereunder. Appellant claims under assignment from and by subrogation to the rights of the State. It can therefore have no greater rights than the State had. Certainly it could not be successfully contended that the State could assail the sale after accepting benefits thereunder to the extent of $13,673.87.

No error appearing, the decree is affirmed.