MABLE MALLORY v. THE STATE.

No. 19047.   Delivered June 2, 1937.
Rehearing Denied June 25, 1937.

The opinion states the case.

*R. D. L. Killough* and *W. M. Wade,* both of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Lynn Mallory by shooting him with a pistol.

Deceased was the husband of appellant. According to the testimony, she resented the fact that deceased had been paying attention to other women. The State's testimony was to the effect that on the occasion of the homicide appellant pursued deceased with a pistol, firing two shots at him, the first of which failed to take effect. When deceased fell to the ground, mortally wounded, appellant sought the officers for the purpose of having an inquest held.

According to the version of appellant, prior to pursuing deceased, he had knocked her down. She had no intention of shooting deceased, but, in pursuing him, lost her footing and the pistol was accidentally discharged.

Appellant presented her first application for continuance on account of the absence of the witness Janie Jaggers. It is

averred that said witness would testify, in substance, that appellant and deceased visited in her home and that their relations were pleasant. In the light of appellant's testimony, we are unable to perceive how the testimony of the witness could have been of benefit to appellant. Appellant testified that she and deceased had begun to have trouble sometime prior to the homicide. In short, according to her version, their relations had become unpleasant, due to misconduct on the part of deceased. Under the circumstances, we are unable to reach the conclusion that error is shown.

In her second bill of exception appellant complains of the action of the trial court in overruling her motion to quash the special venire list on the ground that the sheriff's return was insufficient to show diligence in an effort to serve the absent jurors. In qualifying the bill of exception the court states that all of the jurors were present except seven, who were engaged in the consideration of a civil case. As qualified, we think the bill fails to reflect error.

Appellant has several bills of exception in which she complains of questions propounded by the district attorney to appellant and other witnesses in an attempt to elicit testimony to the effect that appellant was having illicit relations with another man. The court would not permit the questions to be answered. It would appear that it would have been proper for the State to prove that appellant had lost her love and affection for her husband and was giving her attention to another. Such conduct on the part of appellant, if shown, would have been calculated to rebut appellant's testimony to the effect that she loved deceased and would not have intentionally killed him. We think the bills fail to reflect error.

It appears from one of the bills of exception that after deceased had been killed appellant went to the jail where she stated to the jailor that she had shot deceased. It is appellant's contention that the statement was made while she was under arrest. Whether this be true or not, it is observed that appellant admitted in her testimony that she shot deceased. It is the rule that receipt of improper testimony will not bring about a reversal if the same evidence from another source is before the jury without objection. Upton v. State, 20 S. W. (2d) 794.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In her motion for rehearing appellant urges again the same points discussed in our original opinion. We do not think further consideration of them necessary.

Appellant also calls attention to paragraph twelve of the court's charge, and her objections thereto, claiming that appellant's rights on the issue of murder without malice were not properly guarded. The only objection to said paragraph twelve is found couched in the following language:

"Defendant objects and excepts to paragraph 12 for the same reasons that she stated in paragraph 11, that is for the reason that the converse should be given and the defendant should have the affirmative instruction."

Said objection does not appear sufficiently specific under the requirements of Art. 658, C. C. P., which directs that each ground of objection should be "distinctly specified." When considered as a whole the court's instructions seem to properly safeguard appellant's rights upon the issues of murder with and without malice. In one paragraph the jury were told that if they entertained a reasonable doubt whether the killing was upon malice aforethought conviction could not be for that offense.

Believing our original opinion made proper disposition of the case, the motion for rehearing is overruled.

*Overruled.*