### McINERNEY v. WM. F. McDONALD CONST. CO.

No. 185.

District Court, E. D. New York.

Nov. 22, 1940.

Guggenheimer & Untermyer, of New York City (Abraham Shamos, of New York City, of counsel), for plaintiff.

Watson, Bristol, Johnson & Leavenworth, of New York City (Clair V. Johnson, of New York City, of counsel), for defendant.

BYERS, District Judge.

There are before the court cross-motions as follows:

That of September 18, 1940, by the defendant, seeking:

(1) To restrict the plaintiff to dates not earlier than June 21, 1924, for conception, disclosure and reduction to practise of the invention of the patent in suit, according to plaintiff's answers to defendant's interrogatories I to IV, inclusive, filed on October 24, 1939.

(2) To require the plaintiff to specify under oath the date or dates within the summer of 1924 which will be relied on for conception, disclosure and reduction to practise.

On the argument of that motion, it was asserted for the plaintiff that a cross-motion was in preparation, the object of which was to permit the' plaintiff to file amended answers to the said interrogatories, the effect of which would be to establish the month of conception and disclosure as October, 1923, and the month of reduction to practise as February, 1924.

Decision of the first motion was withheld pending the filing of the second, which was accomplished on November 9, 1940, the motion appearing on the calendar on the 13th before another judge, who referred it to the undersigned.

The papers disclose that, under date of August 14, 1939, an order was granted by Judge Galston, providing in part that the "plaintiff and defendant shall exchange contemporaneously at a date to be agreed upon by counsel for both parties answers to plaintiff's interrogatories XVIII to XLVII, inclusive, and to defendant's interrogatories I to IV inclusive", and that the respective answers were filed simultaneously on October 24, 1939.

The answers to the defendant's interrogatories as so filed state that the original conception, disclosure and reduction to practise occurred "in the summer of 1924", and that the first written description was made on June 22, 1925.

Thereafter the defendant sought more specific information, namely, the month during the summer of 1924 to which the said answers were intended to refer, and informal efforts to that end were made, which were unsuccessful, and in August of 1940 they were continued in the form of telephone conversations between the attorneys, which finally yielded the information that, as at that time, the plaintiff wished to allege earlier dates of conception, disclosure and reduction to practise than as had been so stated.

Thereupon the defendant made the motion first above referred to.

The affidavit upon which that motion is based contains the following averment: "That defendant, relying upon plaintiff's answers to defendant's interrogatories I to IV, inclusive, defendant has expended substantial amounts of time and money in investigating instances of prior knowledge and use antedating June 21, 1924, the earliest possible date to which plaintiff would be entitled in accordance with the answers to defendant's interrogatories."

The affidavit upon which the plaintiff's cross-motion is based recites the necessity for new investigations in order to bring to light the particular information sought by the defendant as above stated, and that these efforts resulted in developing the earlier dates which the plaintiff now wishes to set forth in amended answers to the defendant's said interrogatories.

The allegation which has been quoted, concerning the expense to which the defendant has been put in reliance upon the answers as originally filed, seems not to be controverted in the second motion papers.

Speaking generally, there is no apparent reason why a witness should not be permitted to correct or amend his testimony, and that occurs frequently at trial before a court or jury; no good reason has been shown for not permitting the same practise where the witness is being examined under deposition, and quite naturally the trier of the facts must be apprized of the exact change in testimony, so that the apparent reasons for such change may be given due weight in the appraisal of that witness's testimony in its entirety.

Therefore the plaintiff's motion must be granted but, if the defendant is thereby subjected to additional expense, the reimbursement therefor should be a condition imposed upon the plaintiff for the granting of the motion.

This conclusion renders it unnecessary to pass upon the matters included in the defendant's motion of September 18, 1940.

In settling the order to be entered hereon, the defendant will be given an appropriate opportunity to establish the expense item above referred to, in the event that it is deemed material and the parties can agree upon the amount actually involved.

Settle order.