JONES *v.* COMER.

5-3116                                            374 S. W. 2d 465

Opinion delivered January 13, 1964.

[Rehearing denied Feb. 17, 1964.]

*Franklin Wilder, Charles R. Garner,* for appellant.

*Warner, Warner, Ragon & Smith,* for appellee.

SAM ROBINSON, Associate Justice. Appellants, Eugene Jones, Charles Williams and Betty Williams, and Richard Wilson James, Jr., were the parents of three young boys who drowned in a pond located on land owned by appellees near the city limits of Ft. Smith. The trial court granted defendants' motion for a summary judgment and plaintiffs have appealed. The only issue is the action of the trial court in granting the motion for summary judgment.

Ark. Stat. Ann. § 29-211 (Repl. 1962) provides: "(b) . . . A party against whom a claim, counterclaim, or crossclaim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) . . . The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleading, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ."

In the very recent case of *Epps* v. *Remmel*, 237 Ark. 391, 373 S. W. 2d 141, decided by this court December 16, 1963, we pointed out that if in a hearing on a motion for summary judgment it is shown by uncontroverted affidavits that there is no genuine issue of fact, it becomes the duty of the trial court to dispose of the case accordingly.

The plaintiffs allege that the defendants owned the property on which the pond is located, and it is further alleged in the complaint: "Situate upon said described property and in the Northeast corner thereof is an old pond, lake or body of water approximately 150 feet long by 100 feet wide and 15 feet deep, upon which an old boat or part thereof was located together in the near proximity with a large tree with a hanging cable or rope

used by the decedents and other children to swing upon, play with, wade in, swim in and otherwise enjoy because same was attracted to them. All of said lands being unfenced, unenclosed and easily accessible to the public and more particularly to the three decedents.

"Plaintiffs further state that the situated land, lake, swinging tree, playground and other areas as mentioned and allowed to be mentioned is a dangerous instrumentality that is attractive to children. That same had been made attractive to children and was an open invitation to children to come upon the premises. That all of same was in such an attractive character that the defendants, and each of them, knew or as reasonable, prudent persons, should have known, would invite the attention of children and draw them to it, particularly to their sported and playful natures; and defendants and each of them, allowed said condition and situation to exist, well knowing same to be attractive and dangerous to the public and more particularly to the three deceased minors.

"As a direct and proximate result of the conditions existing as aforesaid, the three deceased minor children on April 7th, 1962, went upon the described premises at or around 4:00 P.M. on said date and were drowned, thereby causing the damages as hereinafter complained of."

The defendants filed an answer denying the allegations of the complaint and alleging the affirmative defense of contributory negligence. On authority of Ark. Stat. Anno. § 28-355 (Repl. 1962), defendants then propounded interrogatories to plaintiffs, requesting: "State the names and addresses of all persons known to you or your Attorneys having any knowledge or information of any facts relevant or pertinent to any of the allegations of fact contained in paragraphs 8, 9, 10, 11, 12 and 13 of your complaint."

In response, plaintiffs filed a list of their witnesses. The defendants then served notice on plaintiffs that discovery depositions would be taken from the witnesses named by the plaintiffs in the response to the interroga-

tories. Depositions were taken, counsel for both sides being present. Also affidavits of other witnesses were filed. Later, defendants filed a motion for a summary judgment alleging, in effect, that according to the uncontroverted evidence, as shown by the depositions and affidavits, there was no genuine issue of a material fact; that according to the undisputed evidence there was no liability on the part of the defendants, and that, as a matter of law, defendants were entitled to a judgment in their favor. The court granted the motion and entered a judgment for the defendants. The plaintiffs have appealed.

Two of the boys that drowned were nine years of age and one was eight years of age. Two of the boys had bicycles. Late in the afternoon on April 7, 1962, the boys disappeared from their homes. About 8 o'clock p.m. on that same day a cap belonging to one of the boys was found floating in the pond on appellees' property. The property is located about one-half mile from where the boys lived. A further search was made by police and firemen and the bodies of the three young boys were recovered from the pond. The bicycles belonging to the boys were found the following day on the west side of appellees' property.

The property owned by appellees was formerly used as a golf course and the pond was part of the course. It is about 150 feet long by 100 feet wide and about 15 feet deep. One of the bodies was located about eight feet from the west shore of the pond, near the north end. The other two bodies were recovered from a little farther out in the pond. On the northeast shore of the pond there was an old boat partly in and partly out of the water. About 150 or 200 feet north of the pond there was an old bag swing hanging from a limb of a tree.

There is no indication whatever that appellants contend that there is any liability on the part of the defendants except the theory that the defendants maintained an attractive nuisance. If appellants cannot recover on the attractive nuisance doctrine there can be no recovery under the allegations in the complaint. There is no showing, by affidavit or otherwise, that there is an issue of a

material fact. If appellant had knowledge of facts that would make applicable the attractive nuisance doctrine, such facts should have been shown by counter-affidavit. In *Epps* v. *Remmel,* supra, we quoted from *U.S.* v. *Dollar,* 100 F. Supp. 881: "The motion [for summary judgment] requires the opposition to remove the shielding cloak of formal allegations and demonstrate a genuine issue as to a material fact."

The weight of authority in this country is that ponds, lakes, streams, reservoirs, and other bodies of water do not constitute an attractive nuisance in the absence of any unusual element of danger. See 8 A.L.R. 2d 1298, § 42, which cites a long list of cases from many states supporting this rule. We have subscribed to the foregoing rule. *Carmichael* v. *Little Rock Housing Authority,* 227 Ark. 470, 299 S. W. 2d 198.

Appellants rely on *Brinkley Car Works & Mfg. Co.* v. *Cooper,* 60 Ark. 545, 31 S. W. 154. That case is clearly distinguishable from the case at bar. There, a six year old child was scalded by walking into a pit containing hot water, the water being covered with pieces of bark to such an extent that the water could not be seen. Clearly the boiling water covered with bark created an extremely dangerous situation that was very unusual and amounted to a trap for a six year old child.

The proposition of ponds, lakes, streams, etc. being excluded from the attractive nuisance doctrine is thoroughly discussed in the Carmichael case, and there is no doubt about this court's holding on that point. But we pointed out in that case that if the pond or other body of water constituted a trap, or there was some other hidden inherent danger, the attractive nuisance doctrine would apply. Here, however, there is nothing about the pond in question that could be said to be a trap or hidden danger within the meaning of those terms as expressed in the Carmichael case, unless it could be said that the bag swing located at least 150 feet north of the pond or the old boat could come within that category.

There is nothing that indicates that the old boat could, in any way, have contributed to the tragedy. It was partly on the bank on the opposite shore from the shore near which the bodies were found, and, of course, the bag swing being at least 150 feet north of the pond could not have been involved. Even if it could be said that the bag swing and old boat were instrumental in attracting the children to the pond to play, still that would not be sufficient to make applicable the attractive nuisance doctrine. In the Carmichael case it was found that: "The pond is unenclosed and children from the heavily populated area congregate there in the shade of the trees and on the large rock to watch and throw rocks at the fish. Parents in the vicinity caution their children against playing around the pond but have difficulty keeping them away."

In harmony with the Carmichael case, where it was held that the attractive nuisance doctrine was inapplicable although it was shown that children congregated in the shade of trees and on a large rock at the pond to throw rocks at the fish, there is a long line of cases, such as *National Metal Edge Box Co.* v. *Agostini*, 258 F. 109 (Five year old boy drowned attempting to get stick from hole in ice.); *Cox* v. *Alabama Water Co.*, 112 So. 352 (Slime had accumulated on sides of reservoir creating danger. Eight year old boy fell and drowned.); *Melandez* v. *Los Angeles*, 68 P. 2d 971 (Children playing on raft and boards. One child fell off and drowned.); *Denver Tramway Corp.* v. *Callahan*, 150 P. 2d 798 (Eleven year old child tried to cross pond by cable and drowned.); *Harriman* v. *Afton*, 281 N. W. 183 (Thirteen year old child fell off raft into pond and drowned.); *McKenna* v. *Shreveport*, 133 So. 524 (Ten year old boy fell off raft and drowned.); *Cooper* v. *Overton*, 52 S. W. 183 (Ten year old boy fell off plank and drowned.); *Lomas* v. *West Palm Beach Water Co.*, 57 So. 2d 881 (Fact pond had white sand banks did not render owner of pond liable for drowning of child.); *Newby* v. *West Palm Beach Water Co.*, 47 So. 2d 527 (Pond had a white spray with rainbow effect.); *Smith* v. *Chicago & E.I.R. Co.*, 95 N. E. 2d 95 (Nineteen month old girl slipped off

partially submerged timber and drowned.); *Anneker* v. *Quinn-Robbins Co.,* 323 P. 2d 1073 (Three year old child fell off raft and drowned. Fact that rafts, logs, or other objects were floating on pond did not constitute attractive nuisance.).

According to the testimony given by plaintiffs' witnesses in the discovery depositions and other affidavits filed in the case, no counter-affidavits being filed, there is no issue of a material fact. The facts do not bring the case within the attractive nuisance doctrine and the trial court, therefore, correctly granted appellants' motion for a summary judgment.

Affirmed.

JOHNSON, J., dissents.