Young, Adm'r. *v.* Dodson.

5-3516                                   388 S. W. 2d 94

Opinion delivered March 15, 1965.

[Rehearing denied April 12, 1965.]

*W. F. Denman, Jr.* and *Basil H. Munn,* for appellant.

*McKay, Anderson & Crumpler,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Melvin A. Young, was severely injured, and his wife, Fay, was killed in a head-on collision on May 4, 1963, on U. S. Highway No. 82, in Columbia County. The collision (according to the complaint filed in the Circuit Court by Young) occurred when a gravel truck, operated by Dalton Dodson, attempted to go around an International truck with attached trailer, which had stopped upon the highway, and within the mouth of a concrete underpass. The latter vehicle was operated by George Burns, an employee of Elk Roofing Company, owner of the International truck and trailer. In his complaint, Young alleged permanent injuries, and likewise sought damages because of the death of his wife. The complaint asserted negligence on the part of Dodson in operating the loaded gravel truck at an excessive and reckless rate of speed; in failing to observe the stopped truck (and the automobile of a non-party to this litigation, which was stopped behind the Elk truck), and also asserted that Dodson was driving without adequate brakes.

It was alleged that Elk Roofing Company and its agent and employee, George Burns, were negligent in voluntarily stopping the International truck on the traveled portion of the highway, and at a point within the narrow confines of the highway tunnel, or underpass. Appellant asserted that the collision and resulting damage were due to the "sole, joint, combined and concurrent carelessness and negligence" of each of the defendants. Subsequently, appellant filed his "Request for Admission" on each of the parties sued, and the latter filed their responses. Based on these responses, Young sought a summary judgment against appellees, but this was denied. Thereafter, the case proceeded to trial, and the jury returned a verdict of $31,800.00 against Dodson, but found for appellees Burns and Elk Roofing Company. From the judgment entered in accordance with the jury verdict, Young brings this appeal. For reversal, appellant relies upon five separate points, which we will refer to in the order listed.

It is first asserted that the trial court erred in failing to grant appellant's motion for summary judgment. Appellant, on February 17, 1964, directed certain Requests for Admission to each of the appellees, and it is contended that their responses had the legal effect of admitting most of the requests, leaving no genuine issue as to any material fact relating to liability on the part of the appellees.

It is true that most of the responses were inadequate and deficient. For instance, Elk Company and Burns responded to twenty-one requests, with the answer, "The defendant refuses to admit this statement is true." These responses were improper, and do not constitute a denial. The procedure adopted by appellant is authorized under Ark. Stat. Ann. § 28-358 Subsection (a) (Repl. 1962), which is identical with Rule 36, Federal Rules and Civil Procedure, 28 U.S.C.A. In *Southern Ry. Co.* v. *Crosby,* 201 F. 2d 878, under Rule 36, a very similar response was held insufficient. There, instead of making a denial under oath of the truth of the matter requested, the defendant replied, "You will please take notice that the defendant denies the accuracy of the statements contained in your notice, and refuses to admit the truth thereof." Chief Judge Parker, in an opinion for the United States Court of Appeals (Fourth Circuit), stated:

"It is manifest that a denial of the accuracy of a statement is not a denial of its essential truth and certainly a refusal to admit does not amount to a denial. [Citing cases] Parties may not avoid the failure to deny matters necessarily within their knowledge by giving any such evasive answer as was given here. The rule requires a sworn statement denying 'specifically' the matters of which an admission is requested of a statement 'setting forth in detail' the reasons why an admission or denial cannot truthfully be given."

The court held that the effect of this response was to admit the truth of the particular request. It is thus apparent that the twenty-one responses, made by Burns, and Elk Company, can only be characterized from a

legal standpoint as admissions of the truth of the statements contained in the requests. Dodson responded to numerous requests with the statement, "Not having any information, he denies." This, too, is an improper response. In *White River Limestone Products Co.* v. *Mo-Pac Rd. Co.*, 228 Ark. 697, 310 S. W. 2d 3, this court said:

"The Request for Admission included eight different items, the first being as follows: 'That the total costs of defendant, Missouri-Pacific Railroad Company's repossession of the materials covered by Exhibit "A" attached to the Complaint and Cross-Complaint was $1,350.53, itemized as follows: * * *' Number 2, 3, 4, 5, 6, 7, and 8 were objected to on the grounds that they were wholly immaterial and irrelevant to the issue. To Number 1, appellant answered, 'Plaintiffs are without knowledge of the correctness or exactness of defendant's request Number 1 as to costs of repossessing materials as per Exhibit "A"'. We hold the court's action in ruling that this response, in effect, amounted to an admission insofar as item one is concerned, was correct. The statute requires a sworn statement denying specifically the matters of which an admission is requested, or setting out in detail the reasons why same cannot be admitted or denied, or written objections thereto."

The responses, under the rule, are not limited to matters within the personal knowledge of the respondent. In *Dulansky* v. *Iowa-Illinois Gas and Electric Company*, 92 Fed. Supp. 118, it was said:

"The rule dealing with requests for admission is not limited in its application to matters within the personal knowledge of the respondent and the respondent may be required to make an investigation of third persons in order to acquire sufficient knowledge to comply with the request if the truth can be ascertained by reasonable inquiries made of third persons."

This is also the better view, as expressed in Volume 2A, Federal Practice and Procedure (Barron and Holtzoff), Chap. 9, Sec. 833, Page 509, where it is said:

"Some cases have held that a party should not be required to admit or deny facts which are not within his knowledge, although the means of acquiring knowledge are readily at hand. The better view, consistent with the purpose of Rule 36, is that a party must answer a request for admission, even though he has no personal knowledge, if the means of information are reasonably within his power."

It appears that several of these requests could have been answered from personal knowledge, and the proper information on others could have been ascertained by reasonable inquiry. For instance, Request for Admission No. 27 through No. 31 (with possible exception of No. 30) should have been answered without great difficulty, since these dealt with matters that Dodson could have personally observed. On the other hand, Nos. 32, 33 and 34 could hardly have been properly answered, and, for that matter, do not appear to be of any value. These requests, in order, read, "That Burns knew of said gravel road"—"That Burns knew gravel road was maintained"—"That Burns knew there was no tunnel on said gravel road by-pass." Dodson responded to each of these with the statement, "Not being informed as to Questions 32, 33, and 34, he therefore denies them." In the first place, Dodson could certainly not have responded from personal information, and he could only have responded by seeking the answer from another defendant. These requests were also made of Burns, who was the proper party to respond. Of course, even if Dodson had admitted these requests, such admissions would not have been binding on Burns or Elk Company.

While most commentators agree that the purpose of the rule is to eliminate from controversy matters which will not be disputed, and also concur that one of the main purposes of Rule 36 is to ascertain whether an opposing party admits or disputes certain facts, we call attention to the case of *Benton* v. *McCarthy,* 23 FRD 235, where the court commented that Rule 36 "is not intended to be used to cover the entire case and every item of evidence."

148

Actually, in the case at hand, we think, and find, that all responses to requests for admissions are improper and inadequate, because of the fact that the responses were sworn to by the attorneys for the respective parties, rather than the parties themselves. This question has not hereofore been passed upon by this court, and though there are some cases to the contrary, the greater weight of authority favors the practice of requiring the *party* to swear to the response. Volume 2A, Federal Practices and Procedures (Barron and Holtzoff), in a discussion of Rule 36, Sec. 834, Page 516, states that "the party, rather than his attorney, *must*[1a] make the verification." Volume 4, Moores' Federal Practice (Second Edition), Sec. 36.05, Page 2717, states, "This statement *should*[1b] be sworn to by the party himself." We think it better practice, inasmuch as many of the admissions sought will be actually within the personal knowledge of the party (rather than the attorney), that the response should be sworn to by the litigant himself. Appellees, Elk Roofing Company and George Burns,[2] contend that the response could be sworn to by the attorney under the provisions of Ark. Stat. Ann. § 27-1107 (Repl. 1962), but we think it evident that both this section and 27-1108 apply only to verification of pleadings and affidavits. Accordingly, from what has been said, it is apparent that the responses given by all parties were inadequate and deficient, and should have been considered as admissions. However, this is not to say that the trial court erred in not granting a summary judgment, for, as pointed out by appellees, even with all requests being admitted, absolute liability on the part of any appellee had not been established. The most that had been established was that Burns and/or Dodson was guilty of violating a statute. For instance, it is a violation of the law to stop within a highway tunnel (although there are exceptions),[3] but we have held, on several occasions, that a law violation *does not constitute negligence per se, but is only evidence of negligence. Rogers v. Stillman,*

[1a] [1b] Our emphasis.

[2] No brief has been filed on behalf of Dodson.

[3] Ark. Stat. Ann. § 75-649 (Repl. 1957).

223 Ark. 779, 68 S. W. 2d 614, and cases cited therein. In addition, the matter of proximate cause of the injuries sustained by appellant remained to be decided by a jury. It follows that the refusal to grant a summary judgment was not error.

It is urged that the trial court erred in failing to determine, and to set out, the facts about which there was no genuine issue or controversy (as established by the "Request for Admissions"). This point has reference to the provisions of Ark. Stat. Ann. § 29-211 (d) (Repl. 1962), which is the same as Federal Rule 56, and which requires that the court shall make an order specifying the facts that appear to be without substantial controversy. The statute further provides that, upon trial, the facts so specified shall be deemed established, and the trial conducted accordingly. We agree that the court committed error in neglecting to follow this section, and so find.

The next alleged error refers to the failure of the court to proceed according to Section 29-211, relative to the motion for summary judgment. We have already stated, under Point 1, that appellant was not entitled to a summary judgment, and there is accordingly no need to discuss this point further.

Appellant asserts that the trial court erred in allowing appellees, Elk Company, to amend its answer to an interrogatory, propounded to it by appellant, relative to the height of the Elk truck at the time of the collision. Elk Company first answered that the truck was 13 feet and 10 inches high, but subsequently amended its answer to show that the height of the truck was 13 feet and 2 inches. This interrogatory was served upon the Elk Company pursuant to the provisions of Ark. Stat. Ann. § 28-355 (Repl. 1962), which correspond to Rule 33 of the Rules of Federal Procedure. In Volume 2A, Federal Practice and Procedure (Barron and Holtzoff), Section 777, Page 380, it is stated:

"Answers to interrogatories may be amended in the discretion of the court."

Certainly, the amendment here could not have been made without the approval of the court, and we find no abuse of discretion, for it is not shown how appellant was prejudiced. Of course, the jury would be entitled to know that a change had been made, and to know the nature of the change. In *McInerney* v. *Wm. F. McDonanld Const Co.*, D.C. 35 F. Supp. 688, 689, the court made a statement which seems entirely logical, as follows:

"Speaking generally, there is no apparent reason why a witness should not be permitted to correct or amend his testimony, and that occurs frequently at trial before a court or jury; no good reason has been shown for not permitting the same practice where the witness is being examined under deposition, and quite naturally the trier of the facts must be apprized of the exact change in testimony, so that the apparent reasons for such change may be given due weight in the appraisal of that witness' testimony in its entirety."

Finally, it is urged that the court committed reversible error by commenting on the weight of the evidence in the presence of the jury. We agree that the remarks of the trial court plainly constituted reversible error, but inasmuch as we are reversing this judgment for reasons already pointed out, and, since it appears that the error complained of is not likely to occur again in a second trial, nothing would be accomplished by elaborating on this point, and any discussion would only serve to prolong this opinion.

For the reasons herein set forth, the judgment is reversed in its entirety, and the cause is remanded to the Columbia County Circuit Court for further proceedings.