UNIVERSAL LIFE INS. CO. *v.* HOWLETT

5-3820                                              400 S. W. 2d 294

Opinion delivered March 14, 1966

· *E. V. Trimble,* for appellant.

*Reinberger, Eilbott, Smith & Staten,* By: *Edward I. Staten,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit brought by the appellee as the beneficiary of a $1,000 life insurance policy issued by the appellant upon the life of Lloyd Pierce, who died on August 25, 1964. The defendant filed a general denial, but it failed to file proper

responses to the plaintiff's requests for admissions of fact. Upon this state of the record the trial court granted the plaintiff's motion for a summary judgment.

The court was right. In an action upon an insurance policy a general denial merely puts the plaintiff to his proof; an affirmative defense, such as an exception in the policy, must be specially pleaded. *Stucker* v. *Hartford Acc. & Ind. Co.*, 220 Ark. 475, 248 S. W. 2d 383 (1952). Hence in the case at bar the defendant's general denial merely put in issue the allegations of the complaint.

The plaintiff's requests for admissions covered all the material facts alleged in the complaint. The defendant's only response consisted of unverified denials signed only by its attorney. Such a failure to comply with the statute admits the facts asserted in the request for admissions. Ark. Stat. Ann., § 28-358 (Repl. 1962); *Young* v. *Dodson*, 239 Ark. 143, 388 S. W. 2d 94 (1965); *Brown* v. *Lewis*, 231 Ark. 976, 334 S. W. 2d 225 (1960). The complaint stated a cause of action. Inasmuch as there was no material fact left in dispute the court had no alternative to granting the motion for a summary judgment. Ark. Stat. Ann. § 29-211 (c); *Jones* v. *Comer*, 237 Ark. 500, 374 S. W. 2d 465 (1964).

Affirmed.