B. & P. INC. *v.* LETHA ANN NORMENT

5-4090                                         411 S. W. 2d 506

Opinion delivered February 20, 1967

*Russell and Hurley* for appellant.

*Harold Sharpe* for appellee.

CONLEY BYRD, Justice. This appeal is prosecuted from a summary judgment entered by the trial court in favor of appellee, Letha Ann Norment, because of appellant B. & P. Inc.'s failure to respond to certain requests for admissions in the manner required by Ark. Stat. Ann. § 28-358 (Repl. 1962).

The litigation was initiated by a foreclosure petition upon a mortgage. Attached to the complaint was the note, executed in Forrest City, Arkansas; the mortgage to Bevis Shell Homes, Inc., showing a Tennessee acknowledgment; and the assignment to appellant B. & P., Inc.

After answer, appellee filed on November 5, 1965 and again on December 7, 1965 requests for admissions of fact. Appellant, by these requests for admissions, was asked to admit, among other things, that the mortgage was executed in St. Francis County, Arkansas, and that Bevis Shell Homes, Inc., to whom the note and mortgage was executed, was neither an Arkansas corporation nor a foreign corporation licensed to do business in the state of Arkansas on the date the mortgage and note were executed.

Appellant made no reply to the requests until after appellee filed a motion for summary judgment in March of 1966. The first responses filed by appellant in April of 1966 were not verified and were signed only by appellant's attorney. About two weeks later, appellant's second responses to the requests for admissions were filed, containing only the verification of appellant's attorney.

On appeal, appellant contends that the trial court abused its discretion in taking the requests for admissions as admitted because there was no time limit placed in the requests for admissions in which appellant should respond, and because in *Kingrey* v. *Wilson*, 227 Ark. 690, 301 S. W. 2d 23 (1957), we permitted the answers

to requests for admissions to be verified at the beginning of the trial.

In *Young* v. *Dodson*, 239 Ark. 143, 388 S. W. 2d 94 (1965), we held that responses to requests for adis-m sions verified by a party's attorney did not comply with § 28-358, *supra*, and that even though the responses were verified by the attorney, the requested facts would stand as admitted.

In *Kingrey* v. *Wilson*, *supra*, we held that the trial court did not abuse its discretion in permitting the answers to be verified at the beginning of the trial. However, when *Kingrey* v. *Wilson* was decided, the lawyers had not had as much time to become acquainted with the penalties invoked upon failure to comply with the discovery procedures provided in Act 335 of 1953, as is the situation today. Furthermore, the record is silent as to any request by appellant for permission to verify properly the answers to the requests for admissions.

Nor can we agree with appellant that it was misled by the appellee's failure to specify the time within which the requested facts were to be admitted or denied. Obviously, more than three months had elapsed from the date the requests were made until the date of the motion for summary judgment, and another month elapsed between the date of the summary judgment motion and the date of the second response. Therefore, the trial court did not abuse its discretion in accepting the facts set forth in the requests for admissions as being admitted. Ark. Stat. Ann. § 28-358, *supra*.

The facts thus admitted, together with the facts pleaded by appellant, show that Bevis Shell Homes, Inc., a Florida corporation, entered into a mortgage upon real estate in the state of Arkansas contrary to the provisions of Ark. Stat. Ann. § 64-1202 (Repl. 1966), which provides:

"any foreign corporation which shall fail or re-

fuse to file its articles of incorporation or certificate as aforesaid, *cannot make any contract in the State which can be enforced by it either in law or in equity,* and the complying with the provisions of this act after the date of any such contract, or after any suit is instituted thereon, shall in no way validate said contract." (Emphasis supplied.)

It follows that under the terms of the statute the trial court properly entered summary judgment for the appellee.

Nor can appellant find any relief in *Furst* v. *Brewster,* 282 U. S. 493, 51 S. Ct. 295, 75 L. Ed. 478 (1931), and *UPI* v. *Hernreich, d/b/a Station KZNG,* 241 Ark. 36, 406 S. W. 2d 317 (1966), which hold the statute inapplicable to transactions in interstate commerce, for the taking of a note and mortgage is not ordinarily a transaction in interstate commerce. *Hemphill* v. *Orloff,* 277 U. S. 537 (1928), and *Blumenstock Bros.* v. *Curtis Pub. Co.,* 252 U. S. 436 (1920). Furthermore, if such an issue were involved, appellant had the duty of pointing it out to the trial court, either in its pleadings or by affidavits in response to the motion for summary judgment. *Mid-South Ins. Co.* v. *First Nat'l Bank of Fort Smith,* 241 Ark. 935 410 S. W. 2d 873 (1967).

Affirmed.