DELTA DISCOUNT COMPANY *v.* George R. FRYER
ET AL

5-4509                                 426 S. W. 2d 788

Opinion delivered April 1, 1968

*McKnight & Blackburn,* for appellant.

*Harold Sharpe,* for appellees.

John A. Fogleman, Justice. Appellant asserts error on the part of the trial court in granting a motion for summary judgment. It contends that its answer to a request for admissions, even though verified by its attorney only, constituted a denial and thus preserved questions of fact for determination.

Appellant, a corporation, brought this action for foreclosure of a deed of trust executed by appellees to secure the payment of a promissory note executed by appellees to K-V Builders, Inc. While the note was payable to the order of K-V Builders, Inc., the deed of trust secured appellant, Delta Discount Company. Appellees first filed a general denial and then an amendment. The amendment asserted that the contract appellant sought to enforce was usurious and that neither appellant nor the payee in the note was incorporated under the laws of the State of Arkansas or authorized to do business in the state as a foreign corporation on the date of the execution of the note or deed of trust or on the date the amendment was filed. Appellees asked that the note and deed of trust be declared void for usury, that the complaint be, dismissed and that they have judgment for payments made. Appellees filed and served three separate requests for admissions. The last request asked appellant to admit that neither appellant nor K-V Builders, Inc. was incorporated or authorized to do business under the Arkansas statutes on the date of execution of the note and deed of trust, or on January 31, 1966. The answer to this request was signed and verified by

one of appellant's attorneys. Appellees, on January 25, 1967, filed and served a motion for summary judgment based upon the assertion that failure of appellant to properly verify its response to the request for admission constituted a failure to answer and left no genuine material issues of fact. No response was made to this motion which was granted on September 21, 1967.[1]

The sole argument for reversal is that this court has adopted the rule that answers to requests for admissions must be verified by the responding party, rather than by his attorney, upon an erroneous assumption that this view is supported by the weight of authority. Appellant asserts that the weight of authority supports the view that a sworn statement by the attorney for the party whose admissions are requested constitutes a sufficient response.

While it appears that there is a division of authority on the question, we need not now engage in a process of weighing these authorities for the rule has been clearly stated, adopted and followed in this state. *Young* v. *Dodson,* 239 Ark. 143, 388 S. W. 2d 94; *B & P, Inc.* v. *Norment,* 241 Ark. 1092, 411 S. W. 2d 506. Appellant argues that our adherence to the rule does not give proper consideration to the fact that a corporation can act only through its officers, agents and employees and that the particular questions involved here could only be answered by attorneys. Perhaps it is necessary in many instances that there be consultation between a party (either individual or corporate) and his attorney before such requests may properly be answered, but we see no reason why the requests could not have been answered by an officer of the corporation who had knowledge of the *facts.* We previously applied the rule to a corporate plaintiff who was served with virtually

---

[1] It should be noted that during this eight-month period appellant made no effort to obtain permission to properly verify its answer, as permitted under the authority of *Kingrey* v. *Wilson,* 227 Ark. 690, 301 S. W. 2d 23.

identical requests for admissions in *B & P, Inc.* v. *Norment, supra.*

Since it must be taken as admitted that both appellant and K-V Builders, Inc. are foreign corporations, not authorized to do business in Arkansas, the decree is affirmed.