Harold A. THOMAS and Rita M. THOMAS
*v.* Franklin A. POFF, d/b/a POFF REALTY; Robert
SHOCKLEY, d/b/a/ SHOCKLEY REALTY; and Bob
McDONALD

CA 79-246                               597 S.W. 2d 838

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Rehearing Denied April 30, 1980
Released for publication April 30, 1980

*J. Sky Tapp,* for appellants.

*E.T. Smitherman* and *Lane, Muse, Arman & Pullen,* by: *Donald C. Pullen,* for appellees.

DAVID NEWBERN, Judge. In this case we hold a summary judgment finding the appellants liable for a real estate commission was appropriate, there being no question of fact outstanding in view of deemed admissions by the appellants and unrebutted affidavits of the appellees as well as a lack of timely objection or opposition to the motion. A subsidiary holding is that matters are deemed admitted if responses to a request for admissions are not signed by the parties as opposed to their counsel.

The appellees brought suit against the appellants for a 10% commission specified in a listing contract pursuant to which the appellee Poff agreed to act as agent for the sale of the property. The appellees submitted a request for admissions that the listing contract setting forth the 10% fee requirement was made; that appellee McDonald introduced Wayne Foster to the appellants and showed Foster the appellants' property; and that the appellants sold the property to Foster for $275,000.

Although the counsel for the appellants filed timely responses to the request for admissions, denying all but the existence of a listing contract, the matters as to which the request was made were deemed admitted because the response was signed only by the appellants' counsel and not by the parties of whom the admissions were sought. We hold the trial court was correct in deeming those matters to be admitted. Ark. Stat. Ann. § 28-358 (a) (Supp. 1977). *B. & P. Inc.* v. *Norment,* 241 Ark. 1092, 411 S.W. 2d 506 (1967); *Universal Life Ins. Co.* v. *Howlett,* 240 Ark. 458, 400 S.W. 2d 294 (1966); *Young* v. *Dodson,* 239 Ark. 143, 388 S.W. 2d 94 (1965). A.R. Civ. P. 36(a), which superseded the statute cited above after this case was heard retains this absolute requirement that to avoid having the matters in the request deemed admitted, the responses must be sworn to by the responding parties.

The appellees made their summary judgment motion on the basis of these deemed admissions and affidavits by

appellees McDonald and Shockley in which they explained the multiple listing arrangement pursuant to which they showed the property listed by appellee Poff to Foster.

Notice of a hearing set for June 25, 1979, on the motion for summary judgment was sent to the appellants in care of their counsel. The notice was mailed on June 7, 1979. Neither the appellants nor their counsel appeared at the hearing, and the court granted the motion. The judgment was for $27,500.

The appellants argue there was an issue of fact remaining to be decided and thus the trial court should have refused to grant the summary judgment. While our perusal of the record impresses us that no such issue remained outstanding, we need not reach that point. At no place in the record does it appear that his argument was presented to the trial court, despite ample opportunity to have done so. Thus, we will not consider it here. *Thomas* v. *Committee "A" Arkansas State Plant Board*, 255 Ark. 517, 501 S.W. 2d 248 (1973); *Turkey Express, Inc.* v. *Skelton Motor Co., Inc., et al,* 246 Ark. 739, 439 S.W. 2d 923 (1969).

We would be satisfied to end this opinion at this point but for appellants' counsel's assertion that his clients are being denied "at least a chance to present their side of the case," and his assertion here, although apparently not below as the record does not show it, that the failure to appear was "merely a mistake in the date." The appellants' counsel concludes his brief by saying:

> To deny the Appellants their day in Court on technical grounds will only further alienate the law from the people, a breach which is widening daily.

Although there is nothing in the record about it, appellants' counsel argues his clients were out of the country and thus unavailable to sign the response to the request for admissions. Had the appellants needed more time to verify and sign their response, they could have asked for it. Ark. Stat. Ann. § 28-360 (Repl. 1962). See also, A.R. Civ. P. 26 (c). Had they wanted to respond to the motion for summary judgment, they could have done so by presenting affidavits or

discovery responses of their own. Ark. Stat. Ann. § 29-211 (Repl. 1962 and Supp. 1977). See also, A.R. Civ. P. 56. They also could have appeared at the hearing, of which they do not deny having had notice, to argue against the motion.

If the law and the justice system were administered without rules, we would have adjudication at the whim of the adjudicators, a miasma which even the most ill-disciplined could not tolerate. The strength of our legal system comes largely from the fact that it is a *system*, and to refuse to require order in the manner of reaching fair dispositions of disputes would be to kick aside a major peg of the law's contribution to our civilization. True, our rules are complex, and perhaps too much so for lay persons. Thus we have a need for lawyers who are familiar with and able to apply them. In our view, the "justice" which the appellants' counsel insists his clients are being denied requires even-handed adherence to procedural requirements. Whimsical departures from them in the service of the needs of those who refuse to abide by the rules would do ultimate and universal disservice to the cause of fairness for all.

Affirmed.