## Michael WILKINSON, d/b/a WILKINSON BROTHERS CONSTRUCTION CO. *v.* AMOS ENDERLIN CONTRACTING CO., INC.

CA 82-134                                    644 S.W.2d 313

Court of Appeals of Arkansas
Opinion delivered December 22, 1982
[Rehearing denied January 19, 1983.*]

*A. G. Burkhart, Jr.* and *Robert Smith, Esq.,* of counsel, for appellant.

*Anderson & Kilpatrick,* by: *Joseph E. Kilpatrick, Jr.,* for appellee.

DONALD L. CORBIN, Judge. Appellee, Amos Enderlin Contracting Co., Inc., filed suit in Pulaski Chancery Court seeking judgment against appellant, Michael Wilkinson, d/b/a Wilkinson Brothers Construction Company, in the amount of $27,795.25 for work performed under a subcontract with appellant. The work consisted of the removal of rubble and debris on lands owned by Doyle W. Rogers and Josephine Rogers, his wife. Appellee also sought to impose a lien on Doyle W. Rogers and Josephine Rogers' land located in Little Rock, Pulaski County, Arkansas. At the request of

---

*MAYFIELD, C.J., and COOPER, J., would grant rehearing.

appellant, the case was transferred to the Pulaski County Circuit Court.

Appellee filed Requests for Admissions and Interrogatories. Appellant did not respond within 30 days and was deemed to have admitted that the exact amount sued for was due and constituted the proper amount by which to render judgment. Appellee sought summary judgment against appellant, asking that it be granted a lien against the Rogers' property.

The trial court granted appellee's motion for summary judgment in the amount of $30,505.26 plus interest against appellant and a lien on Doyle W. Rogers and Josephine Rogers' land in the amount of $30,921.81 plus interest. From that summary judgment, appellant has appealed to this court stating that summary judgment was not proper. We affirm.

Appellant argues that the Requests for Admissions and Interrogatories filed by the appellee did not comply with the requirements of Rule 36 of the Arkansas Rules of Civil Procedure. Request No. 4 reads as follows:

REQUEST NO. 4: Admit that Exhibit "A" hereto are true copies of statements submitted by plaintiff to Wilkinson

(a) The number of hours worked per day by the Caterpillar 955L Loader and Operator;

(b) The number of hours worked per day by the JD 410 and Operator;

(c) The number of loads hauled by dump trucks and drivers provided by plaintiff;

(d) All amounts paid by Wilkinson Brothers Construction Co. for work performed by plaintiff pursuant to contract relating to the property described in the Complaint;

(e) The amount due plaintiff from Wilkinson Brothers Construction Co. for the work performed pursuant to contract relating to the property described in the Complaint.

Exhibit "A" referred to in the Requests for Admissions and Interrogatories contained statements showing the billing methods of appellee, credits and the total amount alleged to be due.

Although appellant argues that Request No. 4 was ambiguous and does not comply with Rule 36 of the Arkansas Rules of Civil Procedure, we believe that its wording conforms to the requirements of Rule 36. Rule 36 authorizes a party to serve upon any other party a written request for the admission of the truth of any matter that relates to statements or opinions of fact, including the genuineness of any documents described in the request. Here, appellee requested that appellant admit that the statements in Exhibit "A" were true copies which directly reflected those items in subparagraphs a through e.

Appellant did not admit, deny or object to the Requests for Admissions and Interrogatories nor did he respond to appellee's motion for summary judgment. The granting of summary judgment was proper under these circumstances.

In *Thomas* v. *Poff,* 268 Ark. 939, 597 S.W.2d 838 (Ark. App. 1980), this court held that a summary judgment finding appellants liable for a real estate commission was appropriate, there being no question of fact outstanding in view of deemed admissions by the appellants as well as a lack of timely objection or opposition to the motion. The appellees had made their summary judgment motion on the basis of the deemed admissions by appellees. Neither appellants nor their counsel appeared at the hearing, and the court granted the motion. In affirming the trial court's decision, this court stated:

> If the law and the justice system were administered without rules, we would have adjudication at the whim of the adjudicators, a miasma which even the most ill-disciplined could not tolerate. The strength of our legal system comes largely from the fact that it is a system, and to refuse to require order in the manner of reaching fair dispositions of disputes would be to kick aside a major peg of the law's contribution to our

civilization. True, our rules are complex, and perhaps too much so for lay persons. Thus we have a need for lawyers who are familiar with and able to apply them. In our view the "justice" which the appellant's counsel insists his clients are being denied requires even-handed adherence to procedural requirements. Whimsical departures from them in the service of the needs of those who refuse to abide by the rules would do ultimate and universal disservice to the cause of fairness for all.

We affirm.

MAYFIELD, C.J., CLONINGER and COOPER, J., dissent.

MELVIN MAYFIELD, Chief Judge, dissenting. I agree with the appellant's contention that the Request for Admission No. 4 is so ambiguous it cannot constitute the basis for a summary judgment.

The first sentence of the request is: "Admit that Exhibit 'A' hereto are true copies of statements submitted by plaintiff to Wilkinson Brothers Construction Co. directly reflecting . . . . " Already, we have a problem.

It is clear that the sentence does not ask the appellant to admit that the exhibit *contains statements which correctly reflect* the hours actually worked and the amounts actually due. It asks appellant to admit that the exhibit *contains true copies of statements which directly reflect* the number of hours worked and the amounts due.

The difference is between admitting the statements are true copies of those which have been submitted and admitting they correctly reflect the work which has actually been done and the amount which is actually due. Thus, when we hold that the *request* is admitted, what are the *facts* which we say have been admitted?

In *Walker* v. *Stephens,* 3 Ark. App. 205, 210, 626 S.W.2d 200 (1981), this court stated these general rules applicable to motions for summary judgment:

On such motions the moving party has the burden of demonstrating that there is no genuine issue of fact for trial and any evidence submitted in support of the motion must be viewed most favorably to the party against whom the relief is sought. Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. . . . if there is any doubt whatsoever the motion should be denied.

As applied to the issue here involved, the Arkansas Supreme Court said in *Hood* v. *Welch,* 249 Ark. 1159, 1163, 463 S.W.2d 362 (1971):

Furthermore, we have specifically held that if doubts exist which render the meaning of a written instrument ambiguous, there then arises an issue of fact to be litigated which precludes summary judgment.

In *Porter* v. *Deeter Real Estate,* 255 Ark. 1057, 1059, 505 S.W.2d 18 (1964), the court reversed the granting of a motion for summary judgment because a fact issue was involved since "the contract here is somewhat ambiguous." And in *United States* v. *Lange,* 466 F.2d 1021 (9th Cir. 1972), a summary judgment was reversed because of an ambiguity in the material presented and the court said, "this is precisely the kind of factual determination that is not appropriate for decision on motion for summary judgment."

I would reverse the judgment in the instant case.

CLONINGER and COOPER, JJ., join in this dissent.