## Vonda Kathleen BRADFORD *v.* Glenn FITZGERALD et ux

5-5917                                    480 S.W. 2d 336

Opinion delivered May 22, 1972

*Donald Goodman* and *Donald Poe,* for appellant.

*C. Richard Lippard* for appellees.

Conley Byrd, Justice. This sad story arises from birth of a child out of wedlock to appellant Vonda Kathleen Bradford, age 23, and adopted by appellees Mr. & Mrs. Glenn Fitzgerald. Two days after birth appellant signed a Waiver of Issuance and Service of Summons, Entry of Appearance, and Consent to Adoption. After the interlocutory order of adoption was entered, appellant intervened and resisted the final order of adoption, from which she appeals. We affirm.

The record shows that appellant had had a previous child out of wedlock who lived with appellant in her mother and stepfather's home. When it became apparent that she was going to have another child, her mother and stepfather informed her that she could not bring the child into their home. Knowing that there was no way she could raise her first child without going back into her mother and stepfather's home and asking for their help, she entered into discussions with appellees about adopting the forthcoming child. Appellees gave $50.00 to her stepfather and $35.00 to her before the baby was born. Thereafter Appellees paid all hospital and doctor bills.

Appellee, Mrs. Fitzgerald quit her job to take care of the baby.

Appellant's mother had some misgivings about the adoption by the time appellant got home from the hospital and so told the appellees before the interlocutory order was entered. Appellant, however, did not talk to the appellees until some three months after the baby was born. She stated that she admired the appellees very much and felt like in order to ask for her baby back she had to prove herself not only to her parents but to the appellees.

At the time the discussions concerning the adoption were had, appellant was unemployed. At the time of trial, however, she was steadily employed and she and her first child had moved out of her parents' home into an apartment shared by a divorcee and her two children.

Admittedly, the appellees have a comfortable home and Mrs. Fitzgerald is giving her full time to the child.

There is nothing in the record to show that the consent to adoption was not knowingly given and not retracted until after the entry of the interlocutory order of adoption on January 6, 1970. Under these circumstances, the trial court properly followed our holding in *Martin* v. *Ford,* 224 Ark. 993, 277 S. W. 2d 842 (1955), and in considering the best welfare of the child, entered the final order of adoption.

Affirmed.