**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**James R. OTTO, d/b/a The International House of Pancakes.**

**Civ. No. HM75-690.**

United States District Court,
D. Maryland.

July 21, 1976.

Raymond D. Goodman, Attorney, EEOC, Philadelphia Regional Office, Philadelphia, Pa., Valerie L. Olson, Attorney, EEOC, Baltimore Dist. Office, Baltimore, Md., for plaintiff.

Leonard E. Cohen, Monte Fried, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

The Equal Employment Opportunity Commission (EEOC) initiated this action against James R. Otto, d/b/a The International House of Pancakes, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), seeking relief from defendant's allegedly discriminatory employment practices. Defendant Otto presently seeks an order compelling the EEOC to answer defendant's request for admission of facts. The EEOC has objected to the request for admissions on the grounds that it seeks privileged and irrelevant matter.

On March 19, 1976, the defendant served on the EEOC a request for admission of facts, the text of which is set out in the

margin.[1] The first three requests seek an admission by the EEOC that at the time it filed suit, in May, 1975, it had no knowledge or evidence of any specific individual member of a minority group that had been discriminated against in any way by defendant's policies or practices. The third through sixth requests seek a similar admission as to the Commission's present knowledge. The seventh request seeks to have the EEOC admit as a fact that at the present time, the EEOC's contention that the defendant's employment policies, practices and systems are discriminatory is premised strictly upon statistics. The defendant states that these requests for admissions were served to reduce the suit to the "bare factual issues" which must be tried.

 Generally speaking, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in a pending action. Rule 26(b)(1), F.R.C.P. The issue to be determined at trial in this case is whether the defendant utilized discriminatory employment practices or policies prohibited by Title VII. Whether or not there exist identified, specific individuals whose employment opportunities were limited or denied by the defendant's practices is of course probative of that issue, and the EEOC has admitted that the defendant is entitled to know the identities of specific discriminatees known to the Commission. The difficulty is that the request for admissions, as presently drafted, seeks information of a different sort; it seeks to discover, not facts which will be introduced at trial as to the identities of specific discriminatees, but whether, at the time the Commission instituted the suit in May, 1975 or at the present time, the EEOC has any knowledge of such discriminatees. The issue of proof as to the existence and identity of specific discriminatees does not turn on *when* the Commission discovered existence of such specific discriminatees. Thus the information sought by the request for admissions would be irrelevant to any issue to be litigated at trial.

1. "1. At the time the EEOC filed suit herein (May, 1975), it had no evidence or knowledge of any identifiable member or members of a minority group who had ever been excluded from employment by the Defendant because of their race as a result of the Defendant's maintenance and use of pre-employment selection devices and criteria.

2. At the time the EEOC filed suit herein (May, 1975), it had no evidence or knowledge that the employment opportunities of any identifiable member or members of a minority group had ever been limited by the Defendant because of their race as a result of the Defendant's maintenance of systems, policies and practices of hiring.

3. At the time the EEOC filed suit herein (May, 1975), it had no evidence or knowledge of any identifiable member or members of a minority group who had ever been deprived of equal employment opportunities by the Defendant because of their race, nor did the EEOC have evidence or knowledge of any identifiable member or members of a minority group whose status as employees and prospective employees had ever been adversely affected by the Defendant because of their race as a result of the Defendant's employment policies and practices.

4. At the present time, the EEOC has no evidence or knowledge of any identifiable member or members of a minority group who have ever been excluded from employment by the Defendant because of their race as a result of the Defendant's maintenance and use of pre-employment selection devices and criteria.

5. At the present time, the EEOC has no evidence or knowledge that the employment opportunities of any identifiable member or members of a minority group have ever been limited by the Defendant because of their race as a result of the Defendant's maintenance of systems, policies and practices of hiring.

6. At the present time, the EEOC has no evidence or knowledge of any identifiable member or members of a minority group who have ever been deprived of equal employment opportunities by the Defendant because of their race, nor does the EEOC have evidence of any identifiable member or members of a minority group whose status as employees and prospective employees have ever been adversely affected by the Defendant because of their race as a result of the Defendant's employment policies and practices.

7. At the present time, the EEOC's contention that the Defendant's employment policies, practices and systems were and are discriminatory to minority group members because of their race is premised strictly upon statistics which the EEOC feels indicate that the Defendant has and does employ a non-representative number of blacks in his work force when compared with those population statistics which the Commission deems to be relevant."

■ The seventh request for admissions of fact plainly seeks to have the plaintiff Commission reveal the legal theory upon which the Commission intends to show discrimination at trial. Rule 26(b)(3) exempts from discovery the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." While the defendant is entitled to discover the facts upon which the Commission bases its contention that defendant violated Title VII, he is not entitled to directly discover what legal conclusions the opposing attorney intends to draw from those facts.

■ Defendant correctly contends that it is not a ground for objection that the information sought by discovery will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), F.R.C.P. It seems plain to the Court, however, that the requests for admissions are calculated not to discover evidence for trial, but to freeze the discovery process and prevent the Commission from introducing into evidence at trial acts of specific discrimination concerning discriminatees whom the EEOC has not yet located or discovered. That such is the concern of the defendant was made clear at the oral argument on this motion, when defendant moved orally for a protective order to prevent the Commission from "soliciting" members of an alleged class under Local Rule 20. Plainly, defendant seeks to have the EEOC lock itself into a position one way or another as to whether the evidence at trial will include acts of discrimination involving specific individuals. Just as plainly, the EEOC is not yet ready to take either position. It is evident from statements made at the hearing that part of the Commission's inability to make such representations stems from the fact that defendant failed to maintain required records which would enable the Commission to identify directly persons who had applied for employment. Only recently has the defendant furnished the EEOC answers to interrogatories which have enabled the EEOC to begin to make inquiries as to the identities of persons who sought employment from the defendant.

Local Rule 20 forbids parties and their counsel from directly or indirectly communicating with potential class members who are not parties to the action without the prior consent and approval of the Court. However, the rule explicitly states that it does not forbid:

communications occurring in the regular course of business or in the performance of the duties of a public office or agency (such as the Attorney General) which do not have the effect of soliciting representation by counsel or misrepresenting the status, purposes or effect of the action and orders therein.

The duty of the EEOC is the enforcement of Title VII; arguably, at least, the EEOC acts in performance of that duty when, after suit is instituted, it continues to attempt to locate persons who were discriminated against.

In any event, it is also clear that the EEOC has been hampered in its pretrial investigation by the absence of employment records which the defendant failed to maintain. Since the delay in the identification of specific discriminatees is at least in part of the defendant's own making, he should not be heard to complain of the delay either in a motion for a protective order or a request for admissions which clearly attempts to cut off further discovery.

For all of the reasons discussed above, the Court will deny the motion for an order compelling the EEOC to answer the request for admissions of facts, and will deny defendant's oral motion for a protective order. Defendant is otherwise free to discover, through the methods provided by the discovery rules, information which is relevant to trial and non-privileged, as indicated above.

■ The Commission has moved for an award in the sum of $720 to compensate it for reasonable expenses, including attorney's fees, incurred as a consequence of opposing the motion. The matter of attorney's fees was discussed at the hearing on

this motion. In view of the absence of any evidence supporting the reasonableness of expenses incurred in this opposition, and taking into consideration the fact that the opposition to this motion did not necessitate extensive legal research or work, and further considering the defendant's financial resources, the Court finds that the award of any expenses for the opposition to the motion would be unjust.

For the reasons stated above, it is this 21st day of July, 1976, by the United States District Court for the District of Maryland,

ORDERED:

(1) that defendant's motion for an order compelling answers to defendant's request for admissions of fact be, and the same hereby is, Denied;

(2) that defendant's oral motion for a protective order be, and the same hereby is, Denied;

(3) that plaintiff's request for the award of reasonable expenses be, and the same hereby is, Denied.