Gerald Dean McCLUSKEY and Evelyn McCLUSKEY
*v.* Joyce KERLEN

82-263

Supreme Court of Arkansas
Opinion delivered February 7, 1983

*David M. Clark* of *Hively, Ketz & Clark;* and *Josephine L. Hart* of *Highsmith, Gregg, Hart & Farris,* for appellants.

*Skinner & Heuer,* for appellee.

JOHN I. PURTLE, Justice. On May 9, 1981, appellee gave birth to an illegitimate male child. Prior to the birth of this child she had consulted with family and friends concerning adoption once the child was born. She also consulted her doctor on the matter and on two occasions consulted an attorney who had represented her previously in a divorce. Approximately eleven hours after the birth of the child she signed a consent to adoption giving the child over to appellants. They named the child Gerald David McCluskey and have kept him with them since that time. On July 14, 1981, a petition to adopt the child was filed in Jackson County Probate Court. A temporary decree of adoption was entered on August 31, 1981, allowing the McCluskeys to adopt the child. The appellee filed a petition on October 28, 1981, in the Probate Court of Jackson County asking that she be allowed to withdraw her consent to adoption. On March 8, 1982, the probate judge of Jackson County ruled that appellee's consent was not valid and ordered custody of the child be returned to the natural mother which order was stayed pending appeal.

Appellants rely on three points for reversal: (1) that the probate court erred in allowing appellee to withdraw her consent after entry of the interlocutory decree; (2) the court erred in finding that appellee's consent was not valid; and, (3) the court erred in finding that it would be in the best interest of the child to allow appellee to withdraw her consent. We agree with appellants' first point and thus will not discuss the other two points in detail.

The General Assembly of Arkansas enacted the Revised Uniform Adoption Act (Act 735 of 1977) to clarify the law in regard to adoption procedures. This act is codified in Ark. Stat. Ann. §§ 56-201 through 56-221 (Supp. 1981).

Prior to enactment of the Revised Uniform Adoption Act consent could be withdrawn before the entry of an interlocutory order almost as a matter of right. *Combs* v. *Edmiston,* 216 Ark. 270, 225 S.W.2d 26 (1949). After the entry of an interlocutory order in an adoption, but prior to a final order, consent could be revoked at the court's discretion depending upon the circumstances. *Siebert* v. *Benson,* 243 Ark. 843, 422 S.W.2d 683 (1968); *Martin* v. *Ford,* 224 Ark. 993, 277 S.W.2d 842 (1955).

Ark. Stat. Ann. § 56-209 states:

(a) A consent to adoption cannot be withdrawn after the entry of a decree of adoption.

(b) A consent to adoption may be withdrawn prior to the entry of a decree of adoption if the Court finds, after notice and opportunity to be heard is afforded to petitioner, the person seeking the withdrawal, and the agency placing a child for adoption, that the withdrawal is in the best interest of the individual to be adopted and the Court orders the withdrawal.

The wording used in this statute caused a great deal of litigation thus this court delivered a per curiam on November 22, 1982, in which we stated:

In order to put an end to the confusion, we shall prospectively construe any decree of adoption to be a final decree, no matter whether it is interlocutory or final, if no subsequent hearing is required by the terms of that decree.

In the instant case the probate court's interlocutory order was filed August 31, 1981, and stated:

. . . that from this date forward for all legal purposes said child shall be the child of the petitioners; that

upon the entry of a final decree consistent herewith, a substituted birth certificate shall be issued showing the name of the adopting parents as the parents of said child and showing the name of the child to be Gerald David McCluskey.

The court found that it was in the best interest of the child that the adoption be made and did not provide for a subsequent hearing by the terms of the decree. Ark. Stat. Ann. § 56-213 provides that an interlocutory decree of adoption does not become final until the child has lived in the adoptive home for at least six months after the petition for adoption is filed.

The need for uniformity in construing adoption statutes is of paramount interest to this court. Cases in which two families battle for the right to have custody of a child are sometimes the most intense and heated cases that exist. The line of cases goes back at least as far as Solomon and still provides no easy answers. In view of our pronouncements on the subject, as well as the intent of the Revised Uniform Adoption Act, we feel that the probate judge erred in allowing the appellee to withdraw her consent after the temporary order of adoption had been entered. In making this ruling we do not imply that consent could not be withdrawn after an interlocutory order upon a proper showing of fraud, duress or intimidation. *In Re: Adoption of Graves,* 481 P.2d 136 (Okl. 1971). These issues were addressed neither in the court below nor in the appeal.

The natural mother in the case before us was 39 years of age and had three other children at the time of the hearing on her motion to withdraw consent. She testified that her sole means of support was her ex-husband who worked in Saudi Arabia. She was divorced from her husband both at the time of the birth of the child and at the time the hearing was held in the probate court. The record reflects that appellee's consent was valid and that she made deliberate and careful plans to arrange for the child to be adopted in advance of the birth of the child.

One further note may be enlightening concerning withdrawal of consent. The commissioner's note following

§ 8 of the Uniform Adoption Act (the exact same wording appears in Ark. Stat. Ann. § 56-209, previously quoted in this opinion) states: "This section limits the opportunity of a person to withdraw his consent. No withdrawal is permitted after entry of an interlocutory or final decree of adoption." 9 ULA 33 (1979). It is obvious from this language that the intent of § 56-209 was to prevent untimely challenges to a consent to adoption form.

Based on the foregoing, we must conclude that the judge's order of March 8, 1982, was in error and remand the case to that court with instructions to reinstate the temporary order of adoption in favor of the appellants and otherwise proceed in a manner not inconsistent with this opinion.

Reversed and remanded.