Bonnie Sue PIERCE *v.* Bobby Joe PIERCE et al

83-24                                              648 S.W.2d 487

Supreme Court of Arkansas
Opinion delivered April 11, 1983

*Richard W. Byrd,* for appellant.

*Phillip H. Shirron,* for appellees.

RICHARD B. ADKISSON, Chief Justice. The Saline County Probate Court refused to allow appellant, Bonnie Sue Pierce, to revoke her consent to the adoption of her child by appellees, Bobby Joe Pierce and Phyllis Kay Pierce. On appeal we affirm.

The facts are not in dispute. The child was born on September 8, 1978. On May 11, 1981, appellant signed a

"consent to adoption and relinquishment of parent and child relationship" and on that same day appellees, who are the brother and sister-in-law of appellant, took custody of the child. On June 19, 1981, the probate court approved appellees' petition to adopt and entered an interlocutory order to that effect. On September 17, 1981, appellant filed a motion to revoke her consent, alleging that the adoption was not final under Ark. Stat. Ann. § 56-213 (Supp. 1981) because the child had not lived in the adoptive home for six months. On January 22, 1982, the probate court denied appellant's attempted revocation of consent to adoption.

We considered the question of whether a natural mother can withdraw her consent to the adoption of her child after an interlocutory decree had been entered but before a final decree has been entered in the recent case of *McCluskey* v. *Kerlen*, 278 Ark. 338, 645 S.W.2d 948 (1983). Under *McCluskey*, it is settled that consent to adoption can be withdrawn after an interlocutory order only upon a proper showing of fraud, duress, or intimidation. Here the only reason appellant gave in her motion for wanting to revoke her consent was that the adoption was not final. Appellant neither pled nor proffered any evidence of fraud, duress, or intimidation at the hearing. Under these circumstances the probate court did not err in denying appellant's motion to revoke her consent.

Affirmed.