Billy DIXON and Ginger DIXON *v.* Lorra DIXON

85-38                                        689 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Witt Law Firm*, for appellant.

*Bullock & McCormick*, for appellee.

DAVID NEWBERN, Justice. This is an adoption case in which the probate court found that consent of the mother of the child to be adopted was necessary despite allegations of her failure significantly to support or communicate with the child for eleven months before the petition was filed and over one year before the rendition of the decree. The court also found adoption would not be in the best interest of the child. These two findings are contested in this appeal. We review the case because it was certified to us by the Court of Appeals pursuant to Arkansas Supreme Court and Court of Appeals Rule 29. 4. a. and 29. 1. c. We affirm on both points.

Billy and Lorra Dixon were divorced in August, 1982, and Billy received custody of their two-year-old daughter, Jenise. In November, 1983, Billy married Ginger Dixon who petitioned to adopt Jenise on January 10, 1984. Lorra thereafter petitioned the chancery court to hold Billy in contempt for failure to permit her exercise of visitation rights established in the divorce decree. The adoption and contempt proceedings were consolidated for hearing.

Lorra testified she was harassed and threatened by Billy's parents who cared for Jenise after the divorce and before Billy's remarriage. She also testified that on one occasion Billy had told her she would not be allowed to come near her daughter. Billy testified his behavior on that occasion had only been protective of his daughter because he thought Lorra was drunk.

The judge concluded that (1) Lorra had not expended as much effort as she should have to see the child, (2) the marriage of Billy and Ginger was of short duration, i.e., two months, when the petition was filed, (3) Lorra had visited Jenise some eleven months before the petition was filed, so her consent to the adoption was not obviated by Ark. Stat. Ann. § 56-207(a)(2) (Supp. 1983), (4) the evidence was not sufficient to hold Billy in contempt, (5) the adoption was not in the best interest of the child, (6) the visitation order was reaffirmed.

## 1. Requirement of consent

Consent of a parent of a child to be adopted is not required when the child is in the custody of another "if the parent for a period of at least one year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree," § 56-207, *supra*. The trial court held that because less than a year had passed since Lorra had communicated with her daughter when the adoption petition was filed, Lorra's consent was still necessary. The appellants argue the time should be measured from the last communication until the time the decree is rendered rather than having the time of filing the petition as the cutoff date.

In *Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979), we were confronted with a father who had failed to support his child for a one-year period but had resumed payments before the adoption petition was filed. It was held that the resumption of payments did not reinstate the requirement of obtaining the father's consent. We noted that the earlier statute on the subject of child abandonment and consent had said consent was not required if there had been abandonment for six months "next preceding the filing of the petition," Ark. Stat. Ann. § 56-106(b)(I) (Repl. 1971), and that the new statute, § 56-207, contained no such language. In that case we said, however, the test was met under § 56-207 if the failure to support had occurred for one year "when the petition was filed." Thus we have used the filing of the petition as the cutoff date, and we will continue to do so. One should not be permitted to assert a right until the facts upon which it is predicated have accrued.

## 2. Child's best interest

In view of our conclusion that consent of Lorra was necessary and it was not given we need not address the appellant's second argument which was that the court erred in holding adoption would not be in Jenise's best interest. We will, however, comment briefly on that argument.

Ark. Stat. Ann. § 56-214(c) (Supp. 1983) permits the court ultimately to approve adoption if the requisite consents have been obtained or excused and ". . . the adoption is in the

best interest of the individual to be adopted. . . ." We will reverse a judge's factual determinations only if they are clearly erroneous or clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a). Here the judge was in the better position to observe the witnesses, and we can easily see how his conclusion was appropriately influenced by the short duration of the marriage between Billy Dixon and Ginger Dixon who testified she was nineteen years old at the time of the hearing.

■ While the appellants explain they have established a stable home and that Billy is steadily employed and Ginger is available to take care of Jenise, those facts do not necessarily show adoption to be in the child's best interest.

Affirmed.