IN THE MATTER OF THE ADOPTION OF Jennifer
DAILEY, a Minor

CA 86-417                                        726 S.W.2d 292

Court of Appeals of Arkansas
Division II
Opinion delivered March 25, 1987

*Hollingsworth & Heller, P.A.,* by: *Ron Heller,* for appellant.

*House, Wallace & Jewell, P.A.,* by: *Philip E. Dixon* and *Janie Willbanks,* for appellee.

GEORGE K. CRACRAFT, Judge. The natural mother of the child adopted in these proceedings appeals from a summary judgment entered in the probate court of Pulaski County denying her petition to withdraw her consent to the adoption. She contends that the court erred in holding as a matter of law that she was not entitled to a hearing on the issue of whether her consent had been obtained by fraud, duress, or intimidation. We agree.

On January 17, 1986, the probate court of Pulaski County ordered that the child be adopted by the adoptive parents and thereafter be known and referred to as their legal child. It further ordered the Bureau of Vital Statistics to issue an amended birth certificate reflecting the adoptive parents as the natural mother and father of the adopted child. The order provided that the decree become final in six months. No subsequent hearing was required by the terms of the order.

In June of 1986, the natural mother filed a petition seeking to withdraw her consent. She alleged in her petition that at the time she signed the consent she had been intimidated and unduly influenced to such an extent that her consent had not been given voluntarily. The adoptive parents filed a motion for summary judgment asserting that the decree was a final one and that the consent could not therefore be withdrawn. They asserted by affidavit and other documents that the natural mother's consent had been obtained voluntarily and without fraud, duress, or undue influence. The natural mother responded with affidavits in which she averred that "[p]rior to the time that I gave my child up and after I gave my child up I constantly would say that I wanted my child back, but I was always told by the attorney for the adoptive parents that it was too late and I could not have the child back." The record shows that the child was delivered to the adoptive parents on the same day that the consent was signed.

The probate court ruled that, as the decree was a final one in that it did not require a subsequent hearing, consent could not be withdrawn even upon a showing of fraud or duress. Based on that

ruling, the court declared that as a matter of law the natural mother's counter-affidavits could not raise an issue of fact as to her right to withdraw her consent to the adoption. We conclude that this holding of the probate judge is clearly erroneous and in direct conflict with the holding of the supreme court in *McCluskey* v. *Kerlen,* 278 Ark. 338, 645 S.W.2d 948 (1983).

In *McCluskey,* the order of adoption was identical to the one entered here. It declared the child to be adopted, ordered the issuance of a substituted birth certificate, and no subsequent hearing was required by its terms. The court, in that case, discussed the Revised Uniform Adoption Act, declared that under that act a consent for adoption could not be withdrawn after the entry of a final decree, and noted its previous declaration that any decree of adoption entered pursuant to that act would be construed to be a final one, whether it was termed interlocutory or final, if no subsequent hearing was required by the terms of the decree. The court qualified that statement, however, as follows: "In making this ruling we do not imply that consent could not be withdrawn after an interlocutory order upon a proper showing of fraud, duress or intimidation," citing with approval *In Re: Adoption of Graves,* 481 P.2d 136 (Okla. 1971), wherein the issue was identical to that now before this court.

■ We reject the adoptive parents' argument that *McCluskey* restricts the right of a natural parent to withdraw his consent on these grounds to those decrees which are truly interlocutory in nature and which require further action of the court. In that portion of *McCluskey* quoted above, the court did refer to an "interlocutory order," but it is clear from the context of the declaration that the court was referring to the order then before it for review. We interpret *McCluskey* as holding that a natural parent may not withdraw his consent to adoption after entry of an order which by its terms does not require a subsequent hearing, except upon proof of fraud, duress, or intimidation. We hold no more than that the probate court erred in concluding that, after the order of adoption here in question had been entered, it was without authority or jurisdiction to hear evidence on the issues of fraud, duress, and intimidation in the obtaining of the consent to adoption, and in granting summary judgment based upon that conclusion where the affidavit of the natural mother did raise a question of fact as to whether her consent was wrongfully

obtained.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.