Ronald W. DALE *v.* Jimmie Dwayne FRANKLIN and
Deborah Kaye FRANKLIN

CA 87-47                                      733 S.W.2d 747

Court of Appeals of Arkansas
Division I
Opinion delivered July 29, 1987

*John H. Admetz, Jr.*, for appellant.

*Harold W. Madden*, for appellee.

JAMES R. COOPER, Judge. The appellant in this adoption case is the natural father of two minor sons, Jonathan and Christopher Dale. The probate court found that it was in the best interest of the children to grant the petition for adoption filed by the appellees, Jimmie and Deborah Franklin. For reversal, the appellant argues four points: that the trial court erred in concluding that the appellant had failed significantly for one year to communicate with or support his children without justifiable cause; that the evidence is insufficient to support the judgment of the trial court; that the trial court considered inadmissible

evidence in arriving at its decision; and that the trial court erred in deciding the case in the absence of the children to be adopted and the appellees. We agree that the trial court erred in granting the petition to adopt, and reverse.

■ We review probate proceedings *de novo* on the record. It is well settled that the decision of a probate judge will not be disturbed unless clearly erroneous, giving due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Lindsey* v. *Ketchum*, 10 Ark. App. 128, 661 S.W.2d 453 (1983).

The appellant was married to Cinda Dale, and they are the parents of the two children who are the subject of this appeal. According to the appellant's testimony, he entered the hospital late in March 1985. When he was released from the hospital, he discovered his wife and children had moved out. On April 9, 1985, Cinda and the appellant signed consents to the adoption of the two children, and waived the right to further notice of adoption proceedings.

It is undisputed that the appellant's signature was obtained by fraud on the part of Cinda. The appellant testified that he signed the consent because Cinda told him she was a prostitute for the Mafia and that the children would be harmed if he did not consent to the adoption. Cinda testified that she did tell the appellant this and added that she didn't think he believed it so she also told him that she would reconcile with him if he consented.

The next day, April 10, 1985, the appellant contacted the attorney who was handling the adoption, Harold Madden. According to the appellant, Mr. Madden told him that his children would be returned to him. The appellant later followed up the oral withdrawal of consent with a written withdrawal on April 15, 1985. At trial Mr. Madden stipulated that the appellant had indeed contacted him and withdrawn his consent.

Knowing that the appellant had withdrawn his consent, Mr. Madden filed a petition to adopt on behalf of the appellees on May 1, 1985, alleging that the appellant and Cinda consented to the adoption and attaching the consents to the petition. The appellant filed his objection to the adoption on May 15, 1985, alleging that he had withdrawn his consent and that his consent had been

obtained fraudulently. On October 8, 1985, the probate judge ordered that the children be placed in the custody of Social Services and ordered the agency to do an investigation of Cinda, the appellant, and the appellees.

Trial was held on April 29, 1986. The only evidence offered was the testimony of the appellant, Cinda, a character witness for the appellant, and the home study reports done by social services. On July 10, 1986, an order was entered *nunc pro tunc* for April 29, 1986, which found that it was in the best interest of the children to grant the petition for adoption.

The appellant first argues that the trial court erred in concluding that the appellant had failed significantly for one year to communicate with or support his children without justifiable cause as provided by Ark. Stat. Ann. § 56-207 (Supp. 1985). We agree.

It is well settled that statutory provisions involving the adoption of minors are strictly construed and applied. *Bemis v. Hare*, 19 Ark. App. 198, 718 S.W.2d 481 (1986); *Roberts v. Swim*, 268 Ark. 917, 597 S.W.2d 840 (Ark. App. 1980). An exception to the rule that the natural parents must consent to an adoption is found in Ark. Stat. Ann. § 56-207(a)(2) (Supp. 1985). That exception provides that if a child is in the custody of another and if the parent, for a period of one year, fails significantly without justifiable cause to communicate with the child or provide for care and support, then the consent of that parent is not required for an adoption. However, there is a heavy burden upon the party seeking to adopt a child without the consent of a natural parent to prove the failure to communicate or the failure to support by clear and convincing evidence. *Harper v. Caskin*, 265 Ark. 558, 580 S.W.2d 176 (1979); *Bemis, supra.* Because one should not be permitted to assert a right until the facts upon which it is predicated have accrued, the one year period, after which a parent may lose his right to consent to his child's adoption if he does not communicate with or support his child, must accrue before the adoption petition is filed. *Dixon v. Dixon*, 286 Ark. 128, 689 S.W.2d 556 (1985).

In the case at bar there is no evidence whatsoever that the appellant failed to communicate with or support his children prior to the filing of the petition. Cinda testified that the appellant

had always worked, except for short periods of time when he was laid off. The appellant testified that he had supported his children up to the time he left the hospital at the end of March, 1985. Cinda explained that after she left the appellant she kept the children with her for two weeks, and then, after hearing from a friend that the appellees were interested in adopting children, turned the children over to the appellees. Failure of communication and support was proven for four to six weeks at the most. We therefore hold that the consent of the appellant was necessary.

The appellant argues next that the evidence was insufficient to support the trial court's granting the petition to adopt. The appellant contends that it was proven that his consent was obtained by fraud, or, in the alternative, that his consent was effectively withdrawn. We agree.

Prior to Arkansas's enactment of the Revised Uniform Adoption Act, Ark. Stat. Ann. §§ 56-210 et seq. (Supp. 1985), a parent could revoke his consent to adoption before an interlocutory order was made. *Combs* v. *Edison*, 216 Ark. 270, 255 S.W.2d 25 (1949). After the entry of an interlocutory order, but before the final order was entered, consent could be withdrawn if the court found it to be in the best interest of the child. *Bradford* v. *Fitzgerald*, 252 Ark. 655, 480 S.W.2d 336 (1972), *Martin* v. *Ford*, 224 Ark. 993, 277 S.W.2d 842 (1955).

Under the provisions of the Revised Uniform Adoption Act, consent to adopt cannot be withdrawn after the entry of the final order. Prior to the entry of the adoption decree, consent can be withdrawn if it is found to be in the best interest of the child and the court orders the withdrawal of the consent. Ark. Stat. Ann. § 56-209 (Supp. 1985). However, the statute is silent as to whether consent can be withdrawn prior to the filing of the petition.

Relinquishment of parental rights may be withdrawn within ten days after the petition is signed or after the child is born, whichever is later. Ark. Stat. Ann. § 56-220 (Supp. 1985). We think under the facts and circumstances of this case, where the parent withdrew consent less than ten days after signing the consent and at least two weeks before the filing of the petition for adoption, the trial court erred in granting the petition to adopt. This is especially true in light of the fact that it is uncontroverted that the consent was obtained by fraud. Even in

the case of a final adoption decree, consent to adopt may be withdrawn upon a proper showing of fraud, duress or intimidation. *McCluskey* v. *Kerlin*, 278 Ark. 338, 645 S.W.2d 948 (1983); *Matter of Adoption of Dailey*, 20 Ark. App. 180, 726 S.W.2d 292 (1987). If a consent that was obtained by fraud can be withdrawn after entry of a final order, then it can certainly be withdrawn prior to the filing of the petition.

Because we have reversed the order of the probate court pursuant to the appellant's first two arguments, we do not find it necessary to address the last two issues raised by the appellant. Our opinion expresses no opinion with reference to the court's orders granting custody of the children to social services, but is limited to the consideration of the adoption decree.

Reversed.

CORBIN, C.J. and CRACRAFT, J., agree.