Oneta Irene PAUL *v.* Glendon C. BAILEY

CA 87-363                                                746 S.W.2d 63

Court of Appeals of Arkansas
Division I
Opinion delivered March 16, 1988

*Everett O. Martindale*, for appellant.

*Fred E. Briner*, for appellee.

JAMES R. COOPER, Judge. The appellant, Oneta Irene Paul, appeals from an order of the Saline County Probate Court finding funds in her possession to be an asset of the estate of Ethel Bailey and directing her to deliver these funds to the appellee, Glendon Bailey, administrator of Ms. Bailey's estate.

This dispute arose over the ownership of approximately $40,000.00 in a bank account at Savers Federal Savings & Loan following the death of Ethel Bailey, who was the mother of both parties and another daughter. For many years, the savings account in question had been carried in the name of the decedent,

her deceased husband and the appellant. On December 6, 1983, the decedent placed the money in question in a new account in the names of Ethel Bailey, Oneta Irene Paul, and the appellee's wife, Bessie Bailey. On December 12, 1983, Ethel Bailey executed a new will which provided that her estate be divided equally among her three children; her prior will had left everything to the appellant. Ethel Bailey died on November 20, 1985, and five days later, the appellant withdrew approximately $40,000.00 from this account. The appellee petitioned the probate court to declare the funds in question to be an asset of the estate or to impose a constructive trust on the funds. After a hearing, the probate court found that the amount withdrawn from the account by the appellant was an asset of the estate and ordered the appellant to turn the money over to the appellee as administrator of the estate.

On appeal, the appellant argues that the trial court erred in imposing a constructive trust upon the proceeds of the savings account. The appellee, however, asserts that the trial court did not impose a constructive trust upon the funds in question but simply determined that they amounted to an asset of the estate and ordered their return. We agree with the appellee and affirm.

██ The probate court has jurisdiction to determine the ownership of property as between personal representatives claiming for the estates and heirs or beneficiaries claiming adversely to the estates. *Deal* v. *Huddleston*, 288 Ark. 96, 702 S.W.2d 404 (1986). *See also Snow* v. *Martensen*, 255 Ark. 1049, 505 S.W.2d 20 (1974). We review probate proceedings *de novo* on the record, and it is well settled that the probate judge's decision will not be disturbed unless clearly erroneous, giving due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Dale* v. *Franklin*, 22 Ark. App. 98, 733 S.W.2d 747 (1987).

In the case at bar, the appellee testified that the money in the savings account came from the sale of his mother's farm and represented his parents' life savings; that his mother placed his wife's name upon the account so that she could take care of his mother's business; and that his mother had told him that she wanted everything she had to be divided equally among her three children. The appellee's wife also testified that the decedent had stated that she wanted everything to be divided equally among

her children. The appellant, however, testified that her name had been on her parents' bank account since the early 1970's because she had taken care of them from 1960 to 1980 and her mother had therefore wanted her to have the funds in the account. The appellant admitted that she did not write checks on this account. According to the appellant, her mother had told her that Bessie Bailey's name had been added to the account simply because it was "their" (the appellee's and his wife's) idea and because she did not want any trouble. Betty Cathel, the parties' sister, testified that the appellant had taken care of their parents for the past twenty-five years and that the appellant deserved everything.

■ Based upon our review of the conflicting evidence, we cannot say that the probate court's finding that the funds from the savings account are an asset of the estate is clearly erroneous.

Affirmed.

COULSON and JENNINGS, JJ., agree.