IN THE MATTER OF the Adoption of Jennifer DAILEY

CA 89-63                                784 S.W.2d 782

Court of Appeals of Arkansas
Division II
Opinion delivered December 13, 1989

*William A. Lafferty*, for appellant.

*Wallace, Dover & Dixon*, by: *Philip E. Dixon* and *M. Darren O'Quinn*, for appellee.

JAMES R. COOPER, Judge. This is the second appeal in this adoption case. The appellant, the natural mother, argues that the probate judge erred in granting the appellees' motion for summary judgment and in dismissing the appellant's petition to withdraw her consent to the adoption. We reverse and remand.

On January 16, 1986, the appellant signed a consent to the adoption of her daughter by the appellees, and on January 17, 1986, the probate court entered an adoption decree.The appellant attempted to withdraw her consent, asserting that it had been obtained by fraud and duress. The probate court ruled that the decree was final and, that as a matter of law, she could not raise an issue of fact as to her right to withdraw consent. On appeal to this Court, we reversed and remanded, holding that the appellant could withdraw her consent upon a showing that it was obtained by fraud, duress, or intimidation. *In re Jennifer Dailey*, 20 Ark. App. 180, 726 S.W.2d 292 (1987). We remanded after finding that the trial court had erred in granting summary judgment, and

ordered a hearing on whether the appellant's consent was wrongfully obtained.

■ On May 27, 1988, the appellees filed sixteen requests for admissions. Request number two asked the appellant to admit that she was "not acting under duress, fraud or under misrepresentation at the time [she] executed the Consent to Adopt," and request number sixteen asked the appellant to admit "that it would be in the best interests of the minor child that this adoption be granted." The requests for admissions were to be answered by June 29, 1988; however, they were not filed until July 8, 1988. The probate court, noting that the responses were unverified and relying on Ark. R. Civ. P. 36, deemed the requests for admissions admitted and granted the appellees' motion for summary judgment. In his order the probate judge clearly relied on requests for admissions numbers two and sixteen in granting the summary judgment. Verification by the parties is no longer necessary on requests for admissions. Ark. R. Civ. P. Rule 36(a) (1987).

■ Requests for admissions are generally considered to be designed to ascertain an adversary's position, and are not discovery devices to ascertain relevant facts. *Van Langen* v. *Chadwick*, 173 N.J.Super. 517, 414 A.2d 618 (1980). The purpose of the rule is to facilitate trial by weeding out facts about which there is no true controversy but which are often difficult or expensive to prove. *Id.; see United Coal Cos.* v. *Powell Construction Co.*, 839 F. 2d 958 (3d Cir. 1988); *ASEA, Inc.* v. *Southern Pacific Transportation Co.*, 669 F. 2d 1242 (9th Cir. 1981); *Webb* v. *Westinghouse Electric Corp.*, 81 F.R.D. 431 (E.D. Pa., 1978); *Linde* v. *Kilbourne*, 543 S.W.2d 543 (Mo. App. 1976).

■ Although the Arkansas Rules of Civil Procedure allow for a request for an admission which concerns the application of law to fact, Ark. R. Civ. P. 36(a), admissions designed to directly discover what legal conclusions the opposing attorney intends to draw from those facts are improper. *See Equal Employment Opportunity Commission* v. *Otto*, 75 F.R.D. 624 (D. Md. 1976). An element of the burden of proof, or even the ultimate issue in the case may be addressed in a request for admission under Rule 36, and the admission of these matters may not be avoided because the request calls for application of the facts to the law, the truth of an ultimate issue, or opinion or

conclusion so long as the opinion called for is not on an abstract proposition of law. *Linde, supra.* It is the concession of the issue, otherwise determinable by the trier of fact, which comes into evidence, not the assumptions of the party who makes the admission. *Id.* A request for admission of a pure matter of law is improper. *Jensen* v. *Pioneer Dodge Center, Inc.,* 702 P.2d 98 (Utah 1985).

In the present case, the probate court relied entirely upon requests for admissions two and sixteen, both of which are bare conclusions of law. There are no facts mentioned in the requests and, therefore, we cannot call them the "application of facts to law." We hold that in this case, where the appellant has attempted to obtain a hearing on the fraud and duress issues as they apply to her signing the consent to adopt, where we remanded the case and ordered such a hearing to be held, and where the issues are already developed and narrowed for trial, that the probate court erred in granting summary judgment on the basis of the improper requests for admissions. Even had the requests for admission been proper, to allow this result to stand would be to allow technical considerations to prevail over substantial justice. *See Jensen, supra.* We reverse and remand with directions to the probate court to hold a hearing to determine whether fraud or duress was employed in obtaining the appellant's signature on the consent to adopt.

Reversed and remanded.

CORBIN, C.J., and ROGERS, J., agree.