Vickie HATCHELL *v.* Dwight WREN

05-91 211 S.W.3d 516

Supreme Court of Arkansas
Opinion delivered June 30, 2005

*Gardner Law Firm*, by: *Charles J. Gardner*, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Richard A. Reid*, for appellee.

DONALD L. CORBIN, Justice. Appellant Vickie Hatchell appeals the order of the Mississippi County Circuit Court granting summary judgment to Appellee Dwight Wren. The facts are that while Appellant was visiting Appellee's home, Appellee backed his car into her car, causing damage. Appellee agreed to have the car repaired and return it to Appellant, who lived in Oklahoma at the time. Appellee had the car repaired at his expense, in the amount of $4,844.54. He then met Appellant and her husband at a location in central Arkansas and delivered the car to them. Sometime later, Appellant received a check for the amount of the repairs from Appellee's insurer. Instead of reimbursing Appellee for the repair bill, however, Appellant cashed the check and kept the money. Appellee

filed suit against her for conversion and unjust enrichment. Along with the complaint, Appellee served Appellant with eight requests for admission. Appellant did not timely respond, and the requests were deemed admitted, pursuant to Ark. R. Civ. P. 36. Appellant argued that two of the requests were improper requests of law, not fact. The trial court granted summary judgment to Appellee, based on the admitted requests, and Appellant appeals. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(b)(5), as it presents an issue requiring further development of the law. We affirm.

For her first point, Appellant asserts that the trial court erred in relying on the seventh and eighth requests for admission, as she asserts that they impermissibly sought only bare conclusions of law. To better understand this issue, we set out all the requests for admission:

1. Your 2001 Dodge Intrepid was damaged in the summer of 2003 while at the residence of the Plaintiff, Dwight Wren.

2. The 2001 Dodge Intrepid referred to was repaired and, after repaired, was delivered to you.

3. No complaints concerning the repair were offered or made by you at the time of delivery of the vehicle to you.

4. Subsequent to acceptance of the repaired vehicle, you received a check in the amount of $4,844.54.

5. The check referred to, from Columbia Mutual Insurance Company for $4,844.54, was cashed and the money retained by you.

6. You have refused to deliver the funds from the cashing of the check mentioned above to the Plaintiff, Dwight Wren.

7. You were not entitled to the funds represented by the check of $4,844.54.

8. You are indebted to Dwight Wren in the sum of $4,844.54.

Rule 36(a) provides that each requested admission will be deemed admitted if the party to whom they are addressed does not timely file a written answer or objection to them. The rule reflects in pertinent part:

The matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the

party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. However, a defendant shall have 30 days after service of the request or 45 days after he has been served with the summons and complaint to answer, whichever time is longer. These time periods may be shortened or lengthened by the court.

Appellant does not dispute that she failed to file written answers or objections to the requests within the time prescribed in Rule 36. Nor does she take issue with the fact that the trial court ruled that the matters were deemed admitted, except as to the seventh and eighth admissions. She argues that those two requests asked for bare conclusions of law, not for admissions of fact. She relies on the court of appeals' decision in *In the Matter of Dailey*, 30 Ark. App. 8, 784 S.W.2d 782 (1989).

In *Dailey*, the appellant birth mother claimed that she had only consented to the adoption of her child to the appellees under fraud and duress. The appellees filed sixteen requests for admission. Request number two asked the appellant to admit that she was "not acting under duress, fraud or under misrepresentation at the time [she] executed the Consent to Adopt," and request number sixteen asked her to admit "that it would be in the best interests of the minor child that this adoption be granted." *Id.* at 10, 784 S.W.2d at 783. The appellant did not timely answer the requests, and the trial court ruled that they were deemed admitted. Relying on the second and sixteenth requests, the trial court granted summary judgment to the appellees. The court of appeals reversed, holding:

> Requests for admissions are generally considered to be designed to ascertain an adversary's position, and are not discovery devices to ascertain relevant facts. The purpose of the rule is to facilitate trial by weeding out facts about which there is no true controversy but which are often difficult or expensive to prove.
>
> Although the Arkansas Rules of Civil Procedure allow for a request for an admission which concerns the application of law to fact, Ark. R. Civ. P. 36(a), admissions designed to directly discover what legal conclusions the opposing attorney intends to draw from those facts are improper. *An element of the burden of proof, or even the ultimate issue in the case may be addressed in a request for admission under Rule 36*, and the admission of these matters may not be avoided

> because the request calls for application of the facts to the law, the truth of an ultimate issue, or opinion or conclusion *so long as the opinion called for is not on an abstract proposition of law*. It is the concession of the issue, otherwise determinable by the trier of fact, which comes into evidence, not the assumptions of the party who makes the admission. *A request for admission of a pure matter of law is improper.*

*Id.* at 10–11, 784 S.W.2d at 783 (citations omitted) (emphasis added).

■ We agree with the reasoning expounded by the court of appeals in *Dailey*, and we conclude that holding is controlling of the issue in this case. Here, as in *Dailey*, the requests called for bare conclusions of law. They asked Appellant to admit that she was not "entitled" to the insurance proceeds and that she was "indebted" to Appellant for the amount of the proceeds. Whether one is entitled to property or indebted to another is purely an issue of law. Rule 36(a) provides that requests for admission are limited to discoverable matters "that relate to statements or opinions of fact or the application of law to fact[.]" Requests numbers seven and eight neither called for statements or opinions of fact nor the application of law to fact. It was thus error for the trial court to have viewed them as admissions.

■ Notwithstanding our conclusion that these requests called for pure admissions of law, we affirm the trial court's grant of summary judgment, as the remaining admissions left no issue of material fact in dispute. This court has held that the failure to properly answer requests for admission does not, in and of itself, authorize or require the entry of summary judgment in favor of the party requesting admissions; however, if the trial court deems the requests to have been admitted, it may grant summary judgment if no material issue of fact is left to be determined. *See Phoenix of Hartford v. Coney*, 249 Ark. 447, 459 S.W.2d 558 (1970); *Universal Life Ins. Co. v. Howlett*, 240 Ark. 458, 400 S.W.2d 294 (1966).

At the conclusion of the hearing below, the trial court made its ruling from the bench:

> [T]here appears to be no dispute as to any facts whatsoever. That an accident occurred. That the vehicle was damaged. That the plaintiff paid for the repairs to the vehicle. That the vehicle was delivered to the defendant. And that through some proceeding the

check from the insurance company in payment for the repairs ended up going to the defendant, and the defendant cashed it and declined to give the money back.

The person whose vehicle was damaged had a right to have the vehicle fixed, had a right to have the vehicle fixed to the point that it was prior to the accident. Apparently, from the pleadings that was done.

Not entitled to have both the vehicle fixed and an equal amount of money over and above that with the plaintiff having paid the damage. The Court believes the issues are precluded by the pleading in this case, pleadings in this case and that judgment should be entered for the plaintiff for the amount claimed based on the pleadings and the admitted requests. And the Court will enter judgment accordingly.

■ The trial court's ruling is not erroneous. The facts as set out in the pleadings and the admissions demonstrate the following: Appellant's car was damaged by Appellee; Appellee agreed to have the car repaired; Appellee paid for the repairs, in the amount of $4,844.54; Appellee delivered the car to Appellant; Appellant accepted delivery of the car and voiced no complaints about the repairs; Appellant later received a check from Appellee's insurer in the exact amount of the repairs; Appellant refused to pay the money over to Appellee for the repairs; and Appellant has continued to retain both the repaired car and the money. No additional facts were needed for the trial court to grant judgment on the basis of unjust enrichment and order Appellant to pay the money, plus interest, to Appellee. We thus affirm on this point.

■■ For her second point on appeal, Appellant argues that the trial court erred as a matter of law in applying the theories of unjust enrichment or equitable subrogation to the facts of this case, because Appellee was the tortfeasor, not an innocent third party, and was therefore not entitled to reimbursement under either theory. We do not reach the merits of this point, because it was not developed below. The abstract of the hearing demonstrates that although Appellant did argue that the evidence was insufficient to show that she had been unjustly enriched, the basis of her argument was not the theory that Appellee was prohibited from recovering because he was the tortfeasor. Rather, the basis was her contention that the evidence was insufficient to show that

she had done anything wrong to gain the insurance proceeds or that there had been double recovery on her part. Any reference to Appellee as the wrongdoer was only made in passing, when Appellant's attorney stated that Appellee had caused the accident, and later stated that Appellee could have been sued for damages. The specific argument made now, that Appellee could not recover because he was the tortfeasor, was never raised or ruled upon by the trial court. As such, it is not preserved for our review. This court has made it abundantly clear that it will not consider an argument raised for the first time on appeal. *See, e.g., Jones v. Arkansas Dep't of Human Servs.*, 361 Ark. 164, 205 S.W.3d 778 (2005); *Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004); *Bailey v. Delta Trust & Bank*, 359 Ark. 424, 198 S.W.3d 506 (2004).

Appellant's third point on appeal, that the payment of insurance proceeds is inadmissible evidence under the collateral-source rule, is likewise procedurally barred because she failed to raise it below. The abstract is completely devoid of any such argument. Accordingly, it is not preserved for our review. *Id.*

For her fourth and final point, Appellant argues that the trial court erred as a matter of law in awarding damages to Appellee, because Appellee's complaint does not state a cause of action, only the equitable remedy of unjust enrichment. She also argues that the evidence was insufficient to support an award of damages for unjust enrichment.

The first part of Appellant's argument on this point, like the previous two points, was not raised below. The record does not reflect any assertion by Appellant that Appellee's claim must fail because he failed to plead a specific cause of action in addition to a claim of unjust enrichment. As it was not raised below, it is not preserved for appellate review. *Id.*

Notwithstanding this procedural defect, we note that Appellant's argument on this point is factually incorrect. The complaint does state a cause of action for conversion: "The Defendant converted this money to her own use and refuses to repay the Plaintiff[.]" Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998). To establish liability for the tort of conversion, a

plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights. *Id.* If the defendant exercises control over the goods in exclusion or defiance of the owner's rights, it is a conversion, whether it is for defendant's own use or another's use. *Id.* The proper measure of damages for conversion of property is the market value of the property at the time and place of the conversion. *Elliott v. Hurst,* 307 Ark. 134, 817 S.W.2d 877 (1991).

■ Here, Appellee contended that when he paid for the repairs to Appellant's car and delivered the car to her and she accepted the car, the insurance proceeds were rightfully his. He contended that when she cashed the check and refused to pay the proceeds over to him, she converted the property to her own use, thus depriving him. The trial court never specifically found that Appellant converted the insurance proceeds. However, the trial court did rule that Appellant had cashed the insurance check and "declined to give the money back." This ruling coupled with the trial court's ruling that Appellee was entitled to the money is tantamount to a conclusion that Appellant converted property of another.

■ The remainder of Appellant's argument on this point is a challenge to the sufficiency of the proof to establish unjust enrichment. To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore. *Rigsby v. Rigsby,* 356 Ark. 311, 149 S.W.3d 318 (2004); *Guaranty Nat'l Ins. Co. v. Denver Roller, Inc.,* 313 Ark. 128, 854 S.W.2d 312 (1993). There must also be some operative act, intent, or situation to make the enrichment unjust and compensable. *Id.; Dews v. Halliburton Indus., Inc.,* 288 Ark. 532, 708 S.W.2d 67 (1986). One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right. *Rigsby,* 356 Ark. 311, 149 S.W.3d 318; *Guaranty Nat'l Ins. Co.,* 313 Ark. 128, 854 S.W.2d 312. In short, an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain. *Merchants & Planters Bank & Trust Co. v. Massey,* 302 Ark. 421, 790 S.W.2d 889 (1990); *Frigillana v. Frigillana,* 266 Ark. 296, 584 S.W.2d 30 (1979).

 Appellant argues that the proof presented below, even including the deemed admitted requests, falls short of demonstrating that she was unjustly enriched. She urges that there was no evidence of an operative act, intent, or situation on her part. She claims that all she did was cash a check that was made out to her. Her argument misses the mark. The operative act was not the act of cashing the check. Rather, it was her act of retaining both the money and the repaired car and refusing to pay over the proceeds to Appellee.

 She also urges that there was no evidence of the amount of damages in this case, and thus there was no way for the trial court to determine that she had been unjustly enriched. Appellee's complaint reflects that the insurance check for $4,844.54 represented the amount of the repairs that he paid. Appellant did not contest the amount of the cost of the repairs paid by Appellee. Moreover, she admitted that upon delivery of the car to her, she voiced no complaint about the adequacy of the repairs. Accordingly, there was sufficient evidence of the amount of damages. We thus affirm the judgment of the trial court.