Karen R. Baker, Justice, dissenting. I must respectfully dissent from the majority’s decision because the circuit court clearly erred in granting Destiny’s petition for stepparent adoption. Specifically, the circuit court clearly erred in finding that Reanna’s consent was not required for Destiny to adopt the children. At issue here are two separate orders in two separate proeeedings-an order issued in a divorce proceeding and an order issued in an adoption proceeding. The order in the divorce proceeding presumably remains in place. It is troubling that the circuit court, in an adoption proceeding, could revisit an order entered in a separate divorce proceeding and | inconclude that the order was meaningless. On the question of the requirement of parental consent to the adoption, Arkansas Code Annotated section 9-9-207(a)(2) provides in pertinent part that [cjonsent to adoption is not required of ... [a] parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree!)] The one-year period after which a parent may lose the right to consent must accrue before the filing of the adoption petition, and the filing of the petition is the cutoff date. In re Adoption of K.F.H., 311 Ark. 416, 420, 844 S.W.2d 343, 345 (1993) (citing Dixon v. Dixon, 286 Ark. 128, 689 S.W.2d 556 (1985)). During the September 4, 2013 hearing in the divorce proceeding, the circuit court admonished both Chris and Reanna, stating that Reanna “is not to have any visitation at all with these children.” The September 6, 2013 amended temporary order eliminated Reanna’s visitation rights because she tested positive for methamphetamine. The order specifically stated that Reanna “should not be entitled to any visitation at this time.” The order also stated that she could petition for child custody or child visitation after she passed a drug screen. Further, the order specifically stated that “no child support shall be ordered from Reanna at this time.” During the May 20, 2015 hearing on the adoption petition, Reanna testified that she interpreted the amended temporary order to mean that she was to have no contact with the children. Likewise, Chris testified that he interpreted the amended temporary order to mean that Reanna could have no contact with the children. Based on Reanna’s reliance on the circuit court’s admonitions and the amended temporary order in the divorce proceeding, Reanna’s failure to communicate with her | n children and her failure to pay child support was not without justifiable cause. This case is even more compelling than our recent case, Martini v. Price, 2016 Ark. 472, 507 S.W.3d 486, where this court set aside a stepparent adoption. There, the “no contact” order was directed toward the father’s contact with the mother. Here, the order restricted Reanna’s visitation with the children. Further, the order specifically stated that Reanna was not required to pay child support, so there was a “judicial decree” setting out her responsibilities regarding support of the children. Martini supports the setting aside of the stepparent adoption. Furthermore, prior to the filing of Rean-na’s negative drug screen, her compliance with the circuit court’s admonishments and amended temporary order was required. Despite the majority’s holding to the contrary, the one-year period did not begin until October 17, 2013, when Reanna’s negative drug screen was filed in the circuit court. Accordingly, when Destiny filed her petition for stepparent adoption on September 19, 2014, the one-year period had not accrued. Thus, the period of time between the September 6, 2013 amended temporary order and the October 17, 2013 filing of the negative drug screen should be excluded from the calculation of the one-year period. As noted above, the one-year period must accrue before the filing of the adoption petition. In re Adoption of K.F.H., supra. Here, Destiny filed her adoption petition 28 days prior to the accrual of the mandatory one-year period. Because Destiny filed the adoption petition prematurely, she failed to prove by clear and convincing evidence that Reanna’s consent to adoption was unnecessary. See In re Adoption of Lybrand, 329 Ark. 163, 946 S.W.2d 946 (1997). | Accordingly, I would reverse and dismiss the circuit court’s order finding that Reanna’s consent to the adoption was not required and granting Destiny’s petition for adoption. Hart, J. joins in this dissent.